DELIA ANN HORTON, as Administratrix, etc., of BENJAMIN F. HORTON, Appellant, *v.* STEPHEN D. HORTON and Another, Individually and as Executors of GEORGE W. HORTON, Deceased, Respondents.

*Release — must be pleaded.*

A release of a cause of action is an affirmative defense, and must be pleaded in order to justify the reception of evidence upon the trial to establish the same.

APPEAL by the plaintiff, Delia Ann Horton, as administratrix, etc., of Benjamin F. Horton, deceased, from a judgment of the

Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Westchester on the 5th day of March, 1894, upon the decision of the court rendered at the Westchester Special Term dismissing the plaintiff's complaint upon the merits, and also from an order entered in said clerk's office on the 5th day of March, 1894, directing the entry of such judgment.

*Charles W. Coleman*, for the appellant.

*W. M. Du Bois*, for the respondents.

CULLEN, J.:

This is an appeal from a judgment rendered at the Special Term dismissing the plaintiff's complaint.

We have little doubt that the decision of the trial court was right on the facts proved, and that it was justified in finding that the plaintiff did execute the release despite her final statement to the contrary. But the plaintiff objected to the proof of the release on the ground that no such defense was pleaded and excepted to the ruling of the court admitting it in evidence. This objection was well founded. A release of a cause of action is an affirmative defense, and must be pleaded. (*McKyring* v. *Bull*, 16 N. Y. 297; *Kirchner* v. *New Home Sewing Machine Company*, 135 id. 182.)

The judgment appealed from should be reversed and new trial ordered, costs to abide event.

BROWN, P. J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.