(37 App. Div. 575.)

### FISCHER v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. February 17, 1899.)

1. LIFE INSURANCE—FORFEITURE OF POLICY—PLEADING.

Laws 1892, c. 690, § 92, provides that no life insurance policy shall be forfeited for nonpayment of any premium, unless a notice stating its amount, and when and where due, is mailed to the insured prior to the date of payment. *Held* that, where a company relies on a forfeiture for nonpayment of premiums as a defense to an existing policy, it must allege both that the premiums were not paid, and that the statutory notice was served before the policy was declared forfeited.

2. SAME—NOTICE FOR PAYMENT OF PREMIUMS—AFFIDAVIT OF OFFICER—EVIDENCE.

Under 2 Rev. St. (9th Ed.) p. 1175, providing that the affidavit of any officer of an insurance corporation authorized to mail notice of the time of payment of dues, required by Laws 1892, c. 690, § 92, that such notice was mailed, shall be presumptive evidence that notice was given, such affidavit cannot be received in evidence where the only proof that it was made by the proper officer is contained in the affidavit itself.

Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by Elise Fischer against the Metropolitan Life Insurance Company. From a judgment for defendant, and an order denying a motion for new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

George P. Foulk, for appellant.
C. N. Bovee, for respondent.

RUMSEY, J. On the 22d day of January, 1895, the Metropolitan Life Insurance Company issued to the plaintiff its policy of insurance upon the life of Wilhelm Fischer for the amount of $1,000, to be paid to the plaintiff upon the death of the insured. The insured died on the 7th day of February, 1897. The proofs of loss, in the form required by the policy, were duly made out and delivered to the defendant on the 18th day of February, 1897, but the defendant refused to receive them, and thereupon this action was brought to recover the amount to which the plaintiff claimed to be entitled upon the policy. A copy of the policy, with all the conditions, was made a part of the complaint, and set out in full in that paper. The answer admitted that, at the time mentioned in the complaint, the defendant entered into a contract of insurance in writing with Wilhelm Fischer, of which a true copy was set out in the complaint. It contained a denial of certain other allegations of the complaint, one of which was that Wilhelm Fischer performed all the terms and conditions of the contract of insurance to be done and performed by him. In addition to the denials, the defendant alleged, as a further and separate defense, the issuing of the policy of insurance, which was stated to have been issued and accepted upon the express condition that, if any premium or installment of premium upon the policy should not have been paid on or before the date it became due, the policy should thereupon be and become void, and all premiums paid thereon should be forfeited to the company. It was further alleged that on the 22d day of April, 1896, there became due to the defendant, as a quarter-annual premium on that policy, the sum of $6.71, which was not paid. It further alleged that no premiums on that policy had been paid since the 22d of January, 1896, "whereby, by the terms and conditions of said policy, the same became, on the said 22d of April, 1896, null, void, and of no effect, and all premiums previously paid on said policy became forfeited to the company." Upon the trial, after the plaintiff had rested her case, the defendant proved that the last premium paid on the policy was paid on the 22d day of January, 1896. It further proved that on the 26th of July, 1896, the policy was declared lapsed by the defendant. There was then offered in evidence by the defendant a notice and affidavit, claimed to be such as is required by section 92 of the insurance law (Laws 1892, c. 690). To this evidence the plaintiff objected upon the ground "that the sending of this notice was not alleged in the answer; that the evidence offered was incompetent, irrelevant, and immaterial, and does not comply with the statute as to an affidavit that is permissible in such a case." This objection was overruled and the evidence admitted, and the plaintiff thereupon ex-

cepted.　The question presented arises upon this ruling of the court.
It is claimed by the plaintiff that the forfeiture of the policy con-
stituted an affirmative defense in the nature of a confession and avoid-
ance, and that, to enable the defendant to take advantage of that
defense, all the facts necessary to constitute a forfeiture must be set
up in the answer; that one of those facts was the service of a notice
required by the statute, because, until that notice was served, the
company had no right to declare the policy forfeited; and that, as the
service of this notice was not alleged in the answer, proof of it should
not have been received.　There can be no doubt that the point was
sufficiently raised by the objection taken on the part of the plaintiff
when the affidavit was offered.　As no application for leave to amend
was made by the defendant, the plaintiff was entitled to a ruling upon
the pleadings as they stood, and if, under those pleadings, this evidence
was not competent, the exception was well taken, and the plaintiff
was entitled to stand upon it, and to have her case judged by the
sufficiency of the pleadings as they were presented to the court upon
the trial.　Besides many other conditions, the policy contains a pro-
vision that, if any premium or installment of premium shall not be
paid on or before the date when it becomes due, the policy shall be and
become void, and all premiums paid thereon shall be forfeited to the
company, except under certain conditions, which are not necessary to
be mentioned here.　At the time the policy was issued, there was in
force in this state section 92 of the insurance law, referred to above,
which provided that no life insurance corporation doing business in
this state should declare forfeited or lapsed any policy thereafter
issued or renewed, nor should any such policy be forfeited or lapsed
by reason of nonpayment, when due, of any premium or installment, or
any portion thereof, required by the terms of the policy to be paid—

"Unless a written or printed notice stating the amount of such premium, in-
terest, installment or portion thereof, due on such policy, the place where it
should be paid, and the person to whom the same is payable, shall be duly
addressed and mailed to the person whose life is insured, or the assignee of
the policy, if notice of the assignment has been given to the corporation, at
his or her last known post-office address, postage paid by the corporation,
or by an officer thereof, or person appointed by it to collect such premium,
at least fifteen and not more than forty-five days prior to the day when the
same is payable.　The notice shall also state that unless such premium, in-
terest, installment, or portion thereof, then due, shall be paid to the corpora-
tion, or to a duly appointed agent or person authorized to collect such premium
by or before the day it falls due, the policy and all payments thereon will be-
come forfeited and void, except as to the right to a surrender value or paid-
up policy as in this chapter provided.　If the payment demanded by such
notice shall be made within its time limited therefor, it shall be taken to be
in full compliance with the requirements of the policy in respect to the time
of such payment; and no such policy shall in any case be forfeited or declared
forfeited or lapsed, until the expiration of thirty days after the mailing of
such notice."　2 Rev. St. (9th Ed.) p. 1174.

As the policy in question was issued after this statute was passed,
the conditions of the policy are controlled by the provisions of the
statute, and there could be no forfeiture until the company had served
the notice required by this statute, and the insured had had his 30
days given by the statute to pay the arrears of the premiums.　To

that extent the express conditions of the policy were altered by the provisions of the statute.  This alteration not only worked this change in the absolute right of the parties, but it made a very considerable change as to the proof necessary to be offered by the plaintiff to entitle her to recover upon the policy.   The effect of the statute was that, after a policy had once been issued, no act of the insured, by way of omission to pay the premium, could of itself work a forfeiture of the policy.   So far as it was concerned, the contract was a permanent one until some act of the defendant had been done by way of putting an end to it.   Therefore, when any one entitled to sue upon it had occasion to bring an action, he was not compelled, as a condition of making out his cause of action, to show that the payment of the premiums had continued after the policy had once taken effect, because, by the express terms of the statute, the policy remained a valid instrument between the parties until, after a default in the payment of the premiums, the company had served the notice and taken certain action which was prescribed by this statute.   As was said by the court of appeals in Baxter v. Insurance Co., 119 N. Y. 450, 455, 23 N. E. 1048, the contract is not impaired by a failure to pay the premiums on the day fixed, but by a failure to pay within 30 days after the statutory notice had been served.   The statute prescribes this notice as a necessary condition of forfeiture, and, unless it was served, the insured was not in default, because payment within 30 days after the notice is to be taken as a full compliance with conditions as to the payment of the premium.   The allegation of the complaint, therefore, that the policy was an existing policy, was sufficiently established by the policy when read in the light of the statute.

Before the defendant could raise any question in regard to the nonpayment of the premium, it was necessary to show that it had complied with the statute by serving the notice, as this step was essential to put the insured in default or to raise any point based on his omission to pay the premium.   It was admitted by the pleadings that the policy was issued as alleged in the complaint.   The plaintiff began the trial of the action, therefore, with a conclusive admission that there was at one time a valid contract of insurance between herself and the defendant; and the burden of showing that the contract was invalid was imposed upon the defendant.   Under the Code of Procedure, it has been settled for many years that whenever it is necessary for the defendant, by way of defense, to show any fact which, starting with the proposition that there has been a valid contract between parties, proposes to defend a claim under it by establishing a subsequent performance or a subsequent forfeiture of it, such performance or forfeiture is an affirmative defense, and must be affirmatively set out before it can be proved.   This doctrine was established in the case of McKyring v. Bull, 16 N. Y. 297, and the argument is so well stated by Judge Selden in that case that it is not necessary to be repeated here.   The forfeiture of this policy was an affirmative defense.   It could only be established by proof of the facts which warranted it.   Those facts were two in number.   One was that the premiums had not been paid; the other was that the notice required

by the statute had been served more than 30 days before the policy had been declared forfeited. It was just as necessary to prove one of those facts as the other, because both of them together were required to constitute a forfeiture. No one would claim that it was not necessary to allege in this affirmative defense that there had been a failure to pay the premiums, but a failure to pay the premium is no more necessary to constitute the forfeiture than the service of the notice; and, if it was necessary to allege one, it just as clearly was necessary to allege the other. Under the rule laid down in the case last above cited, the affirmative defense must have been set up before the defendant could have any benefit from it. It was not sufficient to set it up in part, but it must be fully set out in the answer, so that the plaintiff might know precisely what was claimed to constitute a forfeiture. All that she was notified of by this answer was that her husband had not paid the premium. Looking at the statute, she must have known, of course, that that was entirely insufficient to warrant the forfeiture of the policy, and she was entitled to stand upon that insufficiency, in the absence of any allegation that the notice had been served, which put upon him the duty of paying it within 30 days. Indeed, the allegation of notice was the much more important of the two, because that was the transaction which put Wilhelm Fischer in default, and of which, in the nature of things, this plaintiff could have had no knowledge or any intimation of its existence unless it was set out in the answer. She came into court, therefore, for the trial of this case, without any notice that she would be called upon to meet an important fact not within her knowledge, and therefore we must assume she was utterly unprepared to make any proof in regard to it, because it was not alleged. It is to be noticed that the statute not only says that no company shall declare a policy forfeited, but that no policy shall be forfeited. The allegation, therefore, not only lies as the basis of a declaration of the forfeiture, but the existence of the service of the notice is the foundation of the right to forfeit, and, for that reason, proof of it is absolutely essential. Under the statute as it then existed, therefore, it was not necessary for the plaintiff to prove the payment of the premiums, and proof that they were not paid would not establish the forfeiture of the policy, because, by the express provisions of the statute, the failure to pay the premium does not forfeit the policy. Therefore, if the defendant had disproved the fact of the payment of the premium, it would not yet have been in a situation to forfeit this policy, for the nonpayment of the premium worked no such result. The only effect of the nonpayment of the premium, under the condition of the law as it existed at the time of this trial, was that it served as a foundation for subsequent acts of the defendant from which a forfeiture might accrue. But proof of the doing of those acts did not in any way disprove or contradict any statement that the plaintiff had complied with the conditions of the policy. Therefore, even had it been necessary to offer to prove such a compliance, it would not have opened the door for any further proof by the defendant than to contradict the fact of the payment, and that was not sufficient to warrant the forfeiture.

But the plaintiff was not called upon, as the law stood at the time the policy was issued, and at the time of the trial, to prove the fact of the payment of the premium at all. That the policy was issued as an existing contract between the parties was admitted by the pleadings, and the effect of the statute was that that contract which had taken effect between the parties remained a good and sufficient contract until a notice had been served requiring the payment of the premiums. Baxter v. Insurance Co., 44 Hun, 184, 186; Id., 119 N. Y. 450, 455, 23 N. E. 1048. Therefore, even had the issuing of the policy been denied, all that the plaintiff would have been required to do under this statute was to put the policy in evidence. But the issuing of the policy was admitted. Therefore, the plaintiff was not called upon, by way of establishing the contract, to make any proof whatever, and it could only be overthrown by affirmative proof on the part of the defendant, given under a proper pleading. The fact that the plaintiff alleged a performance of the conditions did not make it necessary to prove any such performance, except so far as such proof might be essential to constitute a cause of action. If any such essential fact was admitted, the plaintiff was not called upon to prove it at all, nor could the defendant disprove it, having admitted it in its answer. A fact alleged in the complaint, which was not essential to establish the cause of action, could not be disproved under the general denial, had one been pleaded, because the only evidence which the defendant has the right to give under a general denial is such as controverts any fact necessary to be established by the plaintiff to authorize a recovery, but not one to prove a defense founded upon new matter. Weaver v. Barden, 49 N. Y. 286, 297; McKyring v. Bull, 16 N. Y. 297. In no aspect of these pleadings, therefore, was this evidence admissible, and therefore the plaintiff's exception was well taken.

But we think that the affidavit offered in evidence was not competent for another reason. The statute prescribes:

"The affidavit of any officer, clerk or agent of the corporation, or of any one authorized to mail such notice, that the notice required by this section has been duly addressed and mailed by the corporation issuing such policy shall be presumptive evidence that such notice has been duly given." 2 Rev. St. (9th Ed.) p. 1175.

The only proof in the case that this affidavit was made by one of the persons mentioned in that statute was contained in the affidavit itself. We think that that was not sufficient to warrant the admission of the affidavit in evidence. Except as otherwise authorized by statute, only common-law evidence can be given upon the trial of an action. It is undoubtedly true that the rules of evidence in that regard are subject to modification and control by the legislature, and that body may declare an affidavit, or any other certificate or statement, prima facie evidence of any fact necessary to be proved. Howard v. Moot, 64 N. Y. 262. But for the statute, the proof of the service of this notice could only be made by the testimony of a witness who should be produced upon the trial, and be subject to cross-examination; but it was competent for the legislature to say that an

affidavit might be used as evidence of the fact of this service. Such a rule, however, would be in derogation of the common-law rule, and therefore must be strictly construed, within the well-settled rules as to the interpretation of statutes. If the legislature prescribes that the affidavit to be presented in proof of the fact must be an affidavit made. by a certain person, that affidavit can be read only when proof shall have been given that the person making it was the person prescribed by the statute, and, until that proof has been given in the case, the affidavit is not competent evidence. When that proof has been given, the affidavit becomes competent because the fact necessary to make it competent has been shown to exist. So long as that fact is not in the case, the affidavit is not competent evidence within the statute. The legislature undoubtedly might have prescribed that a statement of that fact in the affidavit might be received as evidence of the competency of the person who made it. It has not made any such provision. It has prescribed that an affidavit made by a certain person shall be presumptive evidence of the giving of the notice, but it has not prescribed that the statement in the affidavit that the person making it has the qualifications required by the statute to make the affidavit competent shall stand in place of common-law evidence of that competency, which it is necessary to prove before the affidavit is received. Whenever the existence of a fact is necessary to be shown to make some other fact competent, common-law evidence of the first fact is required. The fact to make this affidavit competent was that the person making it was one authorized to mail the notice. Until that fact was proved, the affidavit was not within the statute, and could not stand in the place of common-law evidence. Therefore, when the objection was taken that the affidavit was not sufficient, it was well taken, and the affidavit should have been excluded, and for that reason also the plaintiff's objection was improperly overruled.

For this error, the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the result of the action. All concur, except INGRAHAM, J., dissenting.

BARRETT, J. I concur in the conclusion arrived at by Mr. Justice RUMSEY, and, in the main, with his reasoning. The case should be treated as though the law were incorporated in the policy, and its provisions interwoven with the terms and conditions of the contract. The courts take judicial notice of public statutes. It is not necessary to plead them, for it cannot be necessary to plead what it is not necessary to prove. Consequently, the plaintiff's position is the same as though the statute thus embodied in the contract were pleaded in her complaint. When she alleged performance of the terms and conditions of the contract, she simply pleaded performance of what was essential to her right of action,—that is, to those terms and conditions upon the performance of which the defendant's liability rested. As to the premium, the allegation of performance was, in effect, an allegation of payment at the time specified in the policy, upon the reminder to the assured contemplated by the statute. As to that re-

minder, the plaintiff was not bound to allege that it was not given. She was not required to allege and prove a negative, namely, that the defendant had not mailed the notice, as required by the statute. The defendant clearly had the affirmative on this head. The statute declared that there should be no forfeiture until it did a certain thing. It was for it to plead and prove the doing of that thing. The affidavit should, therefore, have been rejected. I also agree that there should have been independent common-law proof that Goulden was an officer, clerk, or agent of the corporation, or authorized to mail the notice. But the plaintiff did not take this objection. Her objection was that the affidavit was incompetent, irrelevant, and immaterial, and that it did not comply with the statute. These objections were untenable. If the plaintiff had pointed out the specific objection that the affidavit, even if competent and material, was not admissible until common-law proof was furnished of Goulden's authority, that objection could at once have been met with the requisite proof as to such authority. I place my concurrence in the reversal, therefore, upon the point that the mailing of the notice was not pleaded.

INGRAHAM, J. (dissenting). The only question presented on this appeal is as to the admissibility of the affidavit of one C. J. Goulden, under section 92 of chapter 690 of the Laws of 1892. The action is brought to recover on a policy of life insurance, whereby the defendant insured the life of one Wilhelm Fischer. The complaint alleges that the said Wilhelm Fischer, mentioned in said policy of insurance, duly performed all the terms and conditions of said contract of insurance on his part to be done and performed. The answer admits the issuance of the policy, but denies the allegation just referred to, and alleges as a separate defense that the said policy was issued and accepted upon the express condition in writing, set forth in the agreement between the parties, that, if any premium or installment of premium upon said policy should not be paid on or before the date it became due, the policy should thereupon be and become void, and all premiums paid thereon should be forfeited to the company; that on the 22d day of April, 1896, there became due and payable to the defendant company, as a quarter-annual premium on said policy, the sum of $6.71; that the said premium has not been paid, nor any part thereof; that no premiums on said policy of insurance were paid subsequent to the 22d day of January, 1896, whereby, under the terms and conditions of said policy, the same became on the said 22d day of April, 1896, null and void and of no effect, and all premiums previously paid on said policy became forfeited to the company. The plaintiff put the policy, and the written application therefor, signed by the insured, in evidence. By the conditions upon which the policy was issued, and to which by its terms it was subject, it was provided that, "if any premium or installment of premium upon this policy shall not be paid on or before the date it becomes due, this policy shall thereupon be and become void, and all premiums paid thereon shall be forfeited to the company." The defendant introduced

evidence from which it appeared that the last premium paid on the policy was paid January 22, 1896; that in July, 1896, the policy was declared forfeited by the defendant; and that the insured died in the city of Brooklyn on the 7th day of February, 1897. The defendant then offered in evidence the affidavit of one Goulden, who deposed that he was an employé of the Metropolitan Life Insurance Company (the defendant); that it was his duty to mail to policy holders notices calling their attention to the fact that premiums were due upon their policies, and naming the places where these premiums should be paid; that on the 26th day of March, 1896, he prepared a written notice stating that the amount of the premium which would be due on the 22d day of April, 1896, upon the policy described in the complaint on the life of the said Wilhelm Fischer, was $6.71; that said notice was inclosed in an envelope addressed to said Fischer at his residence in the city of Brooklyn; that deponent prepaid the postage on said letter, and mailed the same at the New York post office on the 26th day of March, 1896. This affidavit was objected to by the plaintiff upon the ground that there was no defense set up in the answer as to sending any notice such as was required by law; that the affidavit was incompetent, irrelevant, and immaterial, and did not comply with the statute as to an affidavit that is permissible in such a case. This objection was overruled, and the plaintiff excepted; and this exception presents the only question upon this appeal. There is no question presented as to whether the evidence established the defense or justified a verdict for the defendant. If this affidavit was competent evidence for any purpose, then the objection was properly overruled.

As to the first objection taken by the plaintiff to the affidavit, we think it was properly overruled. The policy, upon its face, required the payment of the premiums upon the days named, and was issued in consideration of the payment thereof; and the condition upon which the policy was issued, and which was made a part of the policy, was that the failure to pay any premium on or before the day it became due should render the policy void. It would seem that, to entitle the plaintiff to recover, it was necessary to allege and prove that the insured had complied with the conditions of the policy on his part. Assuming this obligation, the plaintiff alleged in her complaint that the assured duly performed all the terms and conditions of said contract of insurance on his part to be done and performed. This was an express allegation of performance. This allegation the defendant denied, and set up the provisions of the policy by which it became void upon the failure of the insured to pay any premium required to be paid, and alleged that, by reason of the failure of the assured to pay such premium, the policy did become void. The issue presented, therefore, was whether the assured had performed all the terms and conditions of the policy, and whether, by his failure to pay the premiums which became due subsequent to January 22, 1896, the policy, by its terms, had become void. Under the policy, no action of the company was required to avoid it upon the failure of the assured to pay the premiums required to be paid. By force of the provisions

of the policy itself, upon a failure to pay a premium when due, the obligation of the defendant ceased, and there was no liability under the policy. It was this contract that the parties had made, and it is this contract that we are to enforce. By the terms of the policy the performance of this condition, viz. the payment of the premiums, was a condition precedent to any liability of the defendant upon the death of the assured; and, the plaintiff having alleged the performance, and such allegations having been denied by the answer, the plaintiff, on the trial, must establish performance. Code, § 533; La Chicotte v. Electric Co., 15 App. Div. 384, 44 N. Y. Supp. 75. In the case of Bogardus v. Insurance Co., 101 N. Y. 334, 4 N. E. 522, it was expressly held that in that action upon a life insurance policy, where it was provided that, "if the premiums as above stipulated shall not be paid, then and in every such case this company shall not be liable for the payment of the sum aforesaid, or any part thereof, and the policy shall cease and determine," the plaintiff was bound to allege and prove the payment of the premium, to sustain a cause of action. Ruger, C. J., in delivering the opinion of the court, says:

"The contract, as pleaded, provides for the regular payment by the assured of the annual premiums, and such payments are made the condition of any claim thereunder, and the nonpayment of such premiums causes the policy to become null and void, and forfeits to the company all payments made thereon. These conditions were lawful, the parties were competent to enter into them, and, unless performance or its equivalent is alleged, the plaintiff has failed to state a good cause of action, and must abide by the case as shown by her complaint."

See, also, Mathews v. Insurance Co., 11 N. Y. 11.

It does not appear from the record what evidence the plaintiff submitted to prove this allegation of the complaint, but, the plaintiff being bound to allege and prove the performance of the conditions upon which any obligation of the defendant could be predicated, the defendant was entitled to prove that such allegation was not true, and that the assured had failed to perform the conditions provided for in the policy, and to pay the premiums thereby required to be paid, and thus avoid the policy. By section 92 of the insurance law (Laws 1892, c. 690) the legislature has provided that:

"No life insurance corporation doing business in this state shall declare forfeited, or lapsed, any policy hereafter issued or renewed, and not issued upon the payment of monthly or weekly premiums, or unless the same is a term insurance contract for one year or less, nor shall any such policy be forfeited, or lapsed, by reason of non-payment when due of any premium, interest or installment or any portion thereof required by the terms of the policy to be paid, unless a written or printed notice stating the amount of such premium, interest, installment, or portion thereof, due on such policy, the place where it should be paid, and the person to whom the same is payable, shall be fully addressed and mailed to the person whose life is insured, or the assignee of the policy, if notice of the assignment has been given to the corporation, at his or her last known post-office address, postage paid by the corporation, or by an officer thereof, or person appointed by it to collect such premium, at least fifteen and not more than forty-five days prior to the day when the same is payable."

The effect of this provision was to postpone the forfeiture of a policy by reason of the nonpayment of a premium therein provided to

be paid until the notice required by the statute shall have been mailed to the assured, or the assignee of a policy, if notice of the assignment has been given to the corporation. The statute itself does not forfeit the policy, nor does the sending of the notice create the forfeiture. It simply prohibits the corporation from declaring the policy forfeited until such notice shall have been sent. It was a fact to be proved, which would be essential to the establishment by the insurance company of the fact that the premium required to be paid upon a day fixed in the policy had become payable, so as to effect a forfeiture of the policy, and thus to answer the proof furnished by the plaintiff to establish her allegation in the complaint that she has complied with the terms and conditions of the policy. The sending of the notice, of itself, was not a defense to an action upon the policy. It was simply an evidential fact to disprove the allegation of the complaint that the assured had complied with all the terms and conditions to be performed by him, and to prove the allegation in the answer that prior to the death of the assured the policy had lapsed because of a failure on the part of the defendant to pay the premiums thereon when the same became due and payable under the policy, as controlled by this section of the statute before referred to. ·Suppose the plaintiff, in proving the allegations of her complaint, had shown a tender to this insurance company of the amount of the premiums after the day named in the policy as the day upon which the same became payable, and relied upon such tender to prove a compliance with the terms and conditions of the policy; it clearly would have been competent for the defendant to disprove the allegation of the complaint as to performance, and to prove that it had sent the notice required by the statute, so that by the terms of the policy and the statute the premium had become due upon the day named in the policy, and thereupon the defendant had declared the policy canceled and forfeited.

The other objection to this affidavit seems to me to be equally untenable. The evidence is not a part of the record, the plaintiff presenting upon this appeal a bill of exceptions to present the exception to the admission of this affidavit. It does not appear but that there was evidence that the person making this affidavit was an employé, officer, clerk, or agent of the defendant, authorized to mail such notice. As there is no case presenting the evidence, we cannot assume, for the purpose of reversing this judgment, that this fact was not proved by competent evidence; and this is emphasized by the objection to the affidavit, as it did not call the attention of the court to this specific point,—the objection that the affidavit is not admissible because it is not proved that the affiant was an officer or employé of the company not having been taken. And as it does not appear from the record that there was no evidence of the fact necessary to make such an objection, if taken, of force, we certainly would not be justified in reversing the judgment because this bill of exceptions does not show that there was no evidence of such fact. The notice complied with the section of the statute before referred to. It stated the amount of the premium due on the policy, the day when due, the person to whom, and the place where, the premium was to be paid.

This notice was addressed to the assured at his place of residence, postage prepaid on the letter, and was mailed by the affiant at the post office in the city of New York on the 26th day of March, 1896, 27 days before the premium became due. The notice also stated that, unless said premium should be paid to the defendant, or to the duly-appointed agent or person authorized to collect such premium, by or before the 22d day of April, 1896, the policy and all payments thereon would become forfeited and void, except as to the right to a surrender value or paid-up policy, as provided for by law. Thus, the notice was such as the statute required. By the section referred to, such affidavit was made presumptive evidence that such notice had been duly given. We think, therefore, that the affidavit was competent evidence of the mailing of the notice, and that the objection was properly overruled.

As this is the only question presented by the record, it follows that the judgment should be affirmed, with costs.