ELISE FISCHER, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

LIFE INSURANCE — NECESSITY OF PLEADING SERVICE OF NOTICE REQUIRED BY SECTION 92 OF THE INSURANCE LAW. Where in an action to recover upon a policy of life insurance the answer admits its issuance, denies the performance of its conditions by the insured, and alleges as a separate defense that the policy had been issued upon the express condition that non-payment of premiums should render it void, and further alleges the non-payment thereof and predicates the legal conclusion that thereby such policy became void, but fails to allege service of the notice to pay the premium required by the Insurance Law (L. 1892, ch. 690, § 92) as a condition precedent to the forfeiture of the policy, a notice and affidavit setting forth in substance performance of the requirements of the statute are inadmissible in evidence, since proof of service of the statu-

tory notice constitutes an affirmative defense and not being pleaded evidence thereof is incompetent.

*Fischer* v. *Met. Life Ins. Co.*, 37 App. Div. 575, affirmed.

(Argued April 4, 1901; decided May 14, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 27, 1899, which reversed a judgment in favor of defendant entered upon a verdict and an order denying a motion for a new trial and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*C. N. Bovee, Jr.* and *J. McG. Goodale* for appellant. The evidence was competent under the pleadings. The plaintiff, by her allegation of performance, raised the issue that all required conditions had been performed. The defendant was entitled, under its denial of this, to show that the statutory notice had been sent, and thereafter the assured had not made the payment required by the policy and the statute. (L. 1892, ch. 690.) The affidavit was in form perfectly admissible. It was in the form prescribed by the statute of 1892, and under that statute was presumptive evidence of the giving of notice. It was admissible under the pleadings. (L. 1892, ch. 690, § 92.)

*George P. Foulk* for respondent. Termination of liability under the contract of insurance in consequence of sending the alleged statutory notice, is new matter, which, to be available to the defendant, must be pleaded. (1 Ency. of Pl. & Pr. 830; Baylies Code Pleading, 260; Joyce on Ins. § 1336; *Phinney* v. *Mut. L. Ins. Co.*, 67 Fed. Rep. 495; *M. L. Ins. Co.* v. *Hill*, 97 Fed. Rep. 263; *Merzbach* v. *Mayor, etc.*, 163 N. Y. 21; *Baxter* v. *B. L. Ins. Co.*, 44 Hun, 184; 119 N. Y. 450; May on Insurance [1900], § 356a; *McKyring* v. *Bull*, 16 N. Y. 297; *Griffin* v. *L. I. R. R. Co.*, 101 N. Y. 348; *Cochran* v. *Reich*, 91 Hun, 445; *Milbank* v. *Jones*, 141 N. Y. 345; *Bennett* v. *M. Ins. Co.*, 14 Blatchf. 422.) The statute prohibits absolutely forfeiture of a policy for non-payment of premiums without notice. Allowing forfeiture

upon notice is a proviso, and under well-settled rules of plead-
ing, what comes by way of proviso is matter of defense and
must be specially pleaded. (*Rowell* v. *Janvrin*, 151 N. Y.
67 ; 1 Kent's Comm. 463 ; *Waffle* v. *Goble*, 53 Barb. 522 ;
Broom's Leg. Max. [8th ed.] 678 ; *Williams* v. *Ins. Co. of
N. A.*, 9 How. Pr. 373 ; *Bagley* v. *M. R. F. L. Assn.*, 24
Misc. Rep. 638 ; *People* v. *Briggs*, 114 N. Y. 63 ; *Harris* v.
*White*, 81 N. Y. 532 ; *Baxter* v. *B. L. Ins. Co.*, 44 Hun,
184 ; 119 N. Y. 450 ; *Van Valkenburgh* v. *A. P. L. Ins.
Co.*, 70 N. Y. 605.) The alleged defense of non-payment of
premiums on the days specified in the policy did not let in
evidence of an entirely different defense consisting of an
alleged forfeiture of the policy in consequence of a notice
given pursuant to the statute. (*Clark* v. *Dillon*, 97 N. Y.
370 ; *Jennings* v. *G. T. Ry. Co.*, 52 Hun, 232 ; *Reed* v.
*Hayt*, 19 J. & S. 121 ; 109 N. Y. 659 ; *Hamer* v. *Sidway*,
124 N. Y. 538 ; *Miller* v. *Rossler*, 4 E. D. Smith, 234 ; 1 Boone
on Pleading, § 70 ; *Cruger* v. *H. R. R. R. Co.*, 12 N. Y. 190 ;
*Sbarboro* v. *Health Dept.*, 26 App. Div. 177.)

WERNER, J. This action was brought to recover upon a
policy of insurance of $1,000.00 issued by the defendant
January 22nd, 1895, upon the life of Wilhelm Fischer, pay-
able to the plaintiff. The insured died February 7th, 1897.
Proofs of loss in due form were delivered to the defendant,
which were refused and thereupon this action was com-
menced. A copy of said policy was made a part of the
complaint, and plaintiff alleged full performance of all
the conditions therein contained. The answer admitted the
issuance of the policy, denied the performance of its con-
ditions by the insured, and alleged, as a separate defense,
that the policy had been issued upon the express condi-
tion that non-payment of premiums or installments thereof
should render it void and forfeit to the defendant all pre-
miums paid. The answer further alleged the non-payment
of a premium, which became due April 22nd, 1896, and
that no premiums had been paid upon the policy subsequent

to January 22nd, 1896. Upon these allegations the defendant predicated the legal conclusion that " by the terms and conditions of said policy the same became on the said 22nd day of April, 1896, null, void and of no effect, and all premiums previously paid on said policy became forfeited to the company." After the plaintiff had made her case, the defendant proved that no premiums had been paid on this policy since January 22nd, 1896, and that on the 26th day of July, 1896, the policy was declared lapsed by the defendant. The defendant also offered in evidence a notice and the affidavit of one Goulden, a former employee of the defendant, setting forth in substance the matters referred to in section 92 of the Insurance Law (Chap. 690, Laws 1892). This latter evidence was objected to upon the ground " that the sending of this notice was not alleged in the answer, and that it was incompetent, irrelevant and immaterial, and does not comply with the statute as to an affidavit that is permissible in such a case." The objection was overruled, the evidence was received and plaintiff excepted. The jury rendered a verdict for the defendant. Upon a bill of exceptions the plaintiff went to the Appellate Division, and the sole question presented was whether said notice and affidavit were competent evidence under an answer which did not plead as an affirmative defense the facts thus proved. A majority of that court held that the evidence was not competent and reversed the judgment of the trial court. The case is now before us on appeal by the defendant upon the single question above referred to. The statute under which this notice and affidavit were offered and received in evidence, and which was in force when the policy herein was issued, reads as follows (Sec. 92, chap. 690, Laws 1892) : " No life insurance corporation doing business in this state shall declare forfeited, or lapsed, any policy hereafter issued or renewed, and not issued upon the payment of monthly or weekly premiums, or unless the same is a term insurance contract for one year or less, nor shall any such policy be forfeited, or lapsed, by reason of non-payment when due of any premium, interest or installment or any portion thereof required by the

terms of the policy to be paid, unless a written or printed notice stating the amount of such premium, interest, installment, or portion thereof, due on such policy, the place where it should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is insured, or the assignee of the policy, if notice of the assignment has been given to the corporation, at his or her last known post office address, postage paid by the corporation, or by an officer thereof, or person appointed by it to collect such premium, at least fifteen and not more than forty-five days prior to the day when the same is payable. The notice shall also state that unless such premium, interest, installment or portion thereof, then due, shall be paid to the corporation, or to a duly appointed agent or person authorized to collect such premium by or before the day it falls due, the policy and all payments thereon will become forfeited and void except as to the right to a surrender value or paid-up policy as in this chapter provided. If the payment demanded by such notice shall be made within the time limited therefor, it shall be taken to be in full compliance with the requirements of the policy in respect to the time of such payment; and no such policy shall in any case be forfeited or declared forfeited, or lapsed, until the expiration of thirty days after the mailing of such notice. *The affidavit of any officer, clerk or agent of the corporation, or of any one authorized to mail such notice, that the notice required by this section, has been duly addressed and mailed by the corporation issuing such policy shall be presumptive evidence that such notice has been duly given.*" The complaint alleges the issuance of the policy and full performance of its conditions, thus setting forth a good cause of action. The answer admits the issuance of the policy, denies performance of its conditions, and alleges non-payment of premiums. This entitled the defendant to disprove any fact which it was necessary for the plaintiff to prove as an essential part of her cause of action. The only condition as to which there is any controversy is whether the premiums had been paid. Proof of payment was not essen-

tial to plaintiff's cause of action, because, under the statute referred to, the fact of non-payment alone is no bar to her action.   Only when there is evidence of non-payment of premiums, coupled with proof of the service of the statutory notice required by said section of the Insurance Law, can the plaintiff's cause of action be defeated.   It was not necessary for the plaintiff to plead or prove the latter fact.   1. Because the courts take judicial notice of public statutes, and, therefore, the provisions of the Insurance Law which apply to this policy must be treated as though they were incorporated into the policy which is made a part of the complaint.   2. Because the plaintiff is not required to negative in anticipation a fact which it may be competent for the defendant to plead and prove as an affirmative defense.   Does the proof of service of the statutory notice constitute an affirmative defense?   The policy was valid until duly forfeited.   It could not be forfeited until the statutory notice had been given and the thirty days therein specified had elapsed without payment of the premiums then due.   (*Baxter* v. *B. L. I. Co.,* 119 N. Y. 455.) Forfeiture was, therefore, a defense growing out of new matter, which is not a part of plaintiff's complaint.   Being such a defense, it should have been pleaded. (Code Civ. Pro. sec. 500.)   Not being pleaded, the evidence was incompetent   This rule of pleading is so thoroughly established in this state that it need not be supported by the citation of authorities in a case where it is as plainly applicable as it is herein.   These views render it unnecessary to consider the question whether common-law evidence should have been given to prove that Goulden was an officer or agent of the defendant authorized to mail the statutory notice.   It may be said in passing, however, that we agree with Mr. Justice BARRETT in the conclusion that the plaintiff's objection does not raise the question.

The order below should be affirmed and judgment absolute ordered for plaintiff upon defendant's stipulation, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, HAIGHT, LANDON and CULLEN, JJ., concur.

Ordered accordingly.