### GRANT v. PRATT & LAMBERT.

(Supreme Court, Appellate Division, First Department.   November 20, 1903.)

1. EVIDENCE—SELF-SERVING DECLARATIONS.

In an action on a contract by which defendant agreed to manufacture varnish a certain number of years according to a formula furnished by plaintiff, letters and statements written by defendant to plaintiff, tending to show that the varnish could not be made from plaintiff's formula, were inadmissible to prove this fact, because declarations in defendant's own interest.

**2. SAME—ADMISSIONS IN PLEADING.**

In an action for breach of contract, in which the answer admitted the breach, evidence to show that the breach had not been committed was inadmissible.

**3. CONTRACTS—WAIVER—QUESTION FOR JURY.**

Plaintiff contracted with defendant to furnish a formula for the manufacture of varnish and instruct defendant's employés how to make it, the contract contemplating that payment should be made for the surrender of the formula and performance of other acts of the plaintiff in two separate methods; one being dependent upon the manufacture and sale of the varnish, and the other to be paid at all events so long as the plaintiff fulfilled his contract, whether or not any varnish was manufactured. *Held*, that whether acceptance by plaintiff of payments provided for in case varnish should not be manufactured was a waiver of plaintiff's rights under the part of the contract requiring defendants to manufacture varnish was for the jury.

**4. SAME—PLEADING.**

Under Code Civ. Proc. § 500, providing that any new matter by way of excuse and avoidance must be pleaded, the defense of waiver is not available in an action on a contract unless pleaded.

Appeal from Trial Term, New York County.

Action by W. Wallace Grant against Pratt & Lambert. From a judgment for defendants, plaintiff appeals. Reversed.

See 65 N. Y. Supp. 486.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edward M. Shepard, for appellant.

Lewis Cass Ledyard, for respondents.

HATCH, J. This is the second appearance of this case in this court. On the former trial a judgment was directed by the court in favor of the plaintiff for the full amount of the plaintiff's demand. Upon appeal to this court the judgment was reversed, and a new trial granted. 52 App. Div. 540, 65 N. Y. Supp. 486. The facts in the case were fully reviewed in the opinion delivered upon the former appeal, and it is not necessary that they be now restated. The case, however, differs in essential and controlling particulars from the questions which were raised and argued upon that appeal. Upon the opening of the trial it was stipulated by and between the parties that upon this trial either party to the action might read in evidence any portion of the printed "case" on the former appeal, or give in evidence any exhibit as printed in the "case," with the same force and effect as though the original were produced, subject, however, to correction by the production of the original paper, and also subject to any objection, not merely formal, which might be taken if the witnesses were produced to give the testimony, or the original exhibit duly proved were itself produced. Thereupon the plaintiff, to establish his cause of action, read from the printed record that portion of the plaintiff's case given upon the former trial which tended to establish the making of the contract and the breach thereof by the defendant, and rested his case. He did not read in evidence those portions which he had before introduced, which tended to establish that the defendant had continued to make varnish pursuant to the contract with the plaintiff in recent years. The defend-

ant admitted in its answer "that it has ceased for several years to manufacture and use any varnishes manufactured according to formulas furnished by the plaintiff." When the plaintiff concluded his evidence, the defendant sought to introduce and read as cross-examination all of that portion of the plaintiff's evidence given upon the former trial which he had omitted to read as evidence on the present trial. A part of the evidence so offered as cross-examination consisted of numerous letters written by the defendant, which contained declarations in its own favor, and which, in substance, stated that there was some defect in the formula given by the plaintiff; that the varnish made therefrom was defective; that it could not sell it in the market; that certain tests and trials had been made of it, which tended to show that a marketable article could not be produced. The introduction of all these letters written by the defendant was objected to by the plaintiff upon the ground that they were incompetent and irrelevant, and statements of fact written by the defendant in its own favor. The objection was overruled, and plaintiff excepted. The defendant also read in evidence certain written statements claimed to have been rendered by it to the plaintiff, showing that it had been engaged in the manufacture of varnish during the period which in the answer it was averred that they had ceased to manufacture such varnish. To this evidence the plaintiff objected upon the same grounds as heretofore stated, and on the further ground that it was not admissible under the answer, as the same was inconsistent therewith, and in direct contradiction of the admission. The objection was overruled, and the plaintiff excepted. Upon the first trial all of this evidence had been introduced by the plaintiff as a part of his affirmative case, and the defendant upon that trial offered no evidence whatever. It is apparent, therefore, that in these respects the questions differ radically from those which were presented upon the former trial. It is not claimed by the appellant upon this appeal that any error was committed by the court in making disposition of the case upon the former appeal, except upon the question of waiver, to be hereafter noticed. The evidence, therefore, of a breach of the contract by the defendant and the fulfillment of the contract by the plaintiff were regarded upon the former appeal under the evidence as furnishing questions of fact which required a submission to the jury for determination. These questions remain the same upon the present record, and therefore no further discussion of this feature of the case is required, as such questions were quite elaborately discussed in our former opinion.

It is evident upon the present appeal that the plaintiff was not entitled to have the declarations of the defendant, whether written or oral, received in evidence, in the absence of proof showing that they were made or delivered to the plaintiff. If the evidence be relied upon as establishing the affirmative fact that the varnish could not be made from the plaintiff's formula, the defendant was required to make common-law proof of it. The written declarations were no more evidence of the facts stated therein than would any other declaration be in a party's own favor. The letters and written statements did not prove themselves, and consequently it was error to

receive them, and, if prejudicial to the plaintiff's case, reversible error was committed. So far as the written letters and statements of the defendant tended to contradict the admission contained in the answer, they were incompetent. Upon the former trial it was claimed that the admission contained in the answer was of a breach of the contract which warranted a recovery, but this court held that such admission was qualified by the averments connected with it, and that, taking it as a whole, it could not be regarded as a conclusive admission of the breach of the contract, as the other averments of the answer excused the breach and therefore qualified the admission; and the court held that it could not be laid hold of, in view of the whole answer, as justifying the conclusion that an inexcusable breach of the contract was admitted. The question now before us is entirely different. The admission in the answer that the defendant had not manufactured varnish is unqualified, and the other averments in that connection do not in the slightest degree affect such admission. On the contrary, such additional averments of the answer strengthen the admission that the defendant had ceased to manufacture, for they simply seek to excuse what was admitted. The question presented, therefore, is entirely different from the one we considered on our former appeal, for in the present case the admission is of a fact unqualified in any aspect, and it is manifest that under such circumstances proof could not be given in contradiction of such admission, as it was entirely inconsistent with it, and tended to establish a defense directly antagonistic to the admission. Under well-settled rules this was not permissible. Rutty v. Consolidated Fruit Jar Co., 52 Hun, 492, 6 N. Y. Supp. 23; Tribune Ass'n v. Eisner & Mendelson Co., 70 App. Div. 172, 75 N. Y. Supp. 100. If objection had not been interposed, and the evidence had been received, it might have been acted upon if it established a defense, or tended to establish a defense, and the answer in this respect, if deemed essential, might have been amended. Smith v. Wetmore, 167 N. Y. 234, 60 N. E. 419. The objection, however, was taken at the first opportunity. The testimony offered was material, for, if true, its effect was to show that the defendant had not been guilty of any breach of the contract; but, on the contrary, had continued the manufacture of the varnish. This testimony, therefore, was inadmissible, and it was error to receive it. The evidence of the declarations tended, although not so strongly, to establish either that there had been no cessation of manufacture, or that the defendant's act rendered it impossible, or that the defendant was otherwise excused. Consequently, the objections which were taken to both classes of evidence was good, and the reception of the testimony constituted reversible error.

We come now to consider that feature of the case which involves the question of waiver, and the present attitude of the defendant with respect to such question. It cannot be denied but that there are some expressions upon this subject in our former opinion which justify the inference that a waiver of the breach, if it existed, was established by the uncontradicted evidence. The court, however, did not intend to decide such question, or lay down a conclusive

rule in that connection, or make a conclusive adjudication upon that subject. On the contrary, it discussed the effect of some of the testimony, and, while it said that such proof, as it stood at the close of the case, entitled the defendant to a dismissal of the complaint, yet we are satisfied from a re-examination of the question that the condition of the proof on the present record will not justify such conclusion as matter of law. On the contrary, we think if such question be considered as properly in the case, it becomes one of fact for disposition by the jury. An examination of the contract between the parties shows that it was contemplated that payments should be made for the surrender of the formula by the plaintiff and the performance of other acts by him in two distinct and separate methods, one being dependent upon the manufacture and sale of the varnish, the other quite independent of it. The $150 monthly payment did not depend upon the manufacture and sale of varnish, but was to be paid at all events so long as the plaintiff fulfilled his contract, whether any varnish was manufactured or sold. The reception, therefore, of the monthly payment under the contract, could scarcely be regarded as a conclusive act of waiver upon the part of the plaintiff, or as constituting a conclusive binding acquiescence by the plaintiff of the complete fulfillment of the contract. It is a fact, coupled with the other evidence in the case, to be determined by the jury, as to whether the knowledge of the cessation of manufacture by the plaintiff, if he had such knowledge, and the reception of the payment under the contract, was an acquiescence on his part of the fulfillment of the contract in that particular manner. We are therefore of the opinion that this question becomes one of fact for the jury, and not a rule of law, even though the language used in the former opinion was permissible of such construction.

It is quite probable that at common law proof of waiver might be given under the general issue. Some of the cases have gone so far as to hold that nearly every defense which showed that at the time when the action was brought there was in fact no subsisting cause of action might be proven under the general issue. Wilt v. Ogden, 13 Johns. 56; Young v. Rummell, 2 Hill, 478, 38 Am. Dec. 594. However broad the common-law rule might have been under the general issue, it is evident that under the provisions of the Code the defense of waiver must be pleaded in order to be available as a defense. In principle, waiver constitutes new matter, as it is something which does not arise out of the contract or transaction between the parties, but constitutes matter by way of excuse for the failure to perform some act required thereby, out of which a recovery in damages is sought. It is matter in avoidance of consequences which flow from the breach, and, as such, must be pleaded. Under a general denial a defendant is authorized to controvert by evidence every fact which the plaintiff is bound to show to maintain his cause of action, and under such issue may show that the plaintiff never had a cause of action. Benton v. Hatch, 43 Hun, 142; s. c. on appeal, 122 N. Y. 322, 25 N. E. 486. In the present case the plaintiff is not required to prove, in order to establish his cause of action, any-

thing more than to prove the contract, the breach, and his damages. Proof of waiver controverts none of these questions; nor does it show that the plaintiff never had a cause of action arising out of the breach. The command of the Code (Code Civ. Proc. § 500) is that any new matter by way of excuse and avoidance must be pleaded in order to be available. Under the old Code, which was precisely similar in its language, it was said by Judge Selden in McKyring v. Bull, 16 N. Y. 297, 69 Am. Dec. 696, in considering its provisions:

"My conclusion therefore is that section 149 should be so construed as to require the defendant in all cases to plead any new matter constituting either an entire or partial defense, and to prohibit them from giving such matter in evidence upon the assessment of damages when not set up in the answer. Not only payment, therefore, in whole or in part, but release, accord and satisfaction, arbitrament, etc., which may still, for aught I see, be made available in England in mitigation of damages without plea, must here be pleaded. In this respect our new system of pleadings under the Code is more symmetrical than that prescribed by the recent rules adopted by the English judges."

The analysis of the adjudicated cases and the history of the rule of evidence at common law under the general issue is clearly and ably reasoned out by Judge Selden in his opinion in this case, and needs nothing further to be said upon that subject. Doubt, however, still seems to linger in the minds of some, even after this discussion, as to whether a defense of waiver may not be proven under the general issue. To resolve those doubts we are further compelled to resort to authority, if not to principle. In McKay v. Draper, 27 N. Y. 256, the precise question was decided. Therein there was an agreement between two parties, which provided that a certain sum of money should be paid over to one if a third person, therein named, expressed his satisfaction with certain documents. It was claimed that the third party waived the performance of the condition, and in an action against the bailee of the money, the subject of the contract, this waiver was sought to be interposed in answer to the performance of the condition, and it was held, among other things, that, as the waiver was not pleaded, the defense was not available, if otherwise it might have been. In the dissenting opinion in that case, delivered by Denio, C. J., it was contended that such proof was admissible within the general issue upon the ground that it tended to show that the plaintiff never had a cause of action. It is true that the case was disposed of upon other grounds as well as this, but the decision shows clearly the majority view upon this question. In Fischer v. Met. Life Ins. Co., 37 App. Div. 575, 56 N. Y. Supp. 260, it was said by this court, speaking through Mr. Justice Rumsey:

"Under the Code of Procedure it has been settled for many years that whenever it is necessary for the defendant, by way of defense, to show any fact which, starting with the proposition that there has been a valid contract between parties, operates to defend a claim under it by establishing a subsequent performance or a subsequent forfeiture of it, such performance or forfeiture is an affirmative defense, and must be affirmatively set out before it can be proved."

And this doctrine was affirmed by the Court of Appeals. 167 N. Y. 178, 60 N. E. 431. In Kniffen v. McConnell, 30 N. Y. 285, it was said:

"In this case the answer only contained a denial of the promise. It gave no information of any new defense, or any new matter occurring after the contract, that formed a defense. No issue was formed as to such defense. In McKyring v. Bull, 16 N. Y. 297, 69 Am. Dec. 696, the effect of this section was held to be such as to require all matter, if it constituted a defense, to be pleaded."

In Horton v. Horton, 83 Hun, 213, 31 N. Y. Supp. 588, it was held that a release of a cause of action was an affirmative defense, and must be pleaded. The rule is applicable in all cases of accord and satisfaction, release, and rescission, and we can see no distinction in principle between these cases and waiver. Chapin v. Pratt, 49 N. Y. St. Rep. 42. In all and each it might be shown that at the time when the action was brought the plaintiff had no cause of action, and, if such be the rule to be applied, such defenses would all be available under the general issue. One of the purposes of the Code provision is to give notice to the plaintiff of the defense claimed to exist to the cause of action, and to limit the issues which may be properly litigated upon the trial; and the reason for the rule applies with equal force to the defense of waiver as of an act of forfeiture, or other matter, which avoids the claimed cause of action. Upon the former appeal no question was raised of the right of the defendant to raise the question of waiver. It was argued upon the supposition that the question was properly before the court and could be raised, and the court, in its discussion, assumed such fact. It is made clearly to appear in the present record that such assumption was unwarranted, and it was made so to appear in the court below.

Reaching this conclusion, it necessarily results that the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.