## LIESNY v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1911.)

INSURANCE (§ 646*)—LIFE INSURANCE—FORFEITURE—NONPAYMENT OF PREMIUM —BURDEN OF PROOF.

> To establish forfeiture for nonpayment of a premium, the burden was upon the company to prove nonpayment, in addition to showing that it addressed and mailed notice to insured as required by Insurance Law (Consol. Laws 1909, c. 28) § 92.

> [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1657; Dec. Dig. § 646.*]

Appeal from Trial Term, Oneida County.

Action by Sophia Liesny against the Metropolitan Life Insurance Company. From a judgment for defendant, and an order denying a motion for a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

W. F. Dowling, for appellant.
J. W. Rayhill, for respondent.

ROBSON, J. Plaintiff is the beneficiary named in a policy of insurance upon the life of her husband, Antonio Liesny, for the sum of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

$500, to be paid to her upon the death of the insured. The material question litigated at the trial was whether this policy had been by the defendant declared forfeited, or lapsed, on failure to pay the premium payable thereon September 30, 1908, following a notice mailed and addressed by the defendant to the insured, pursuant to the provisions of section 92 of the insurance law.

In disposing of this appeal, it may be assumed, without directly deciding, that the answer, as amended by permission of the trial court, sufficiently pleaded this defense. To establish this defense it was necessary for the defendant to prove, not only that the defendant had mailed and addressed to the insured, as the statute requires, the prescribed notice, but also failure to pay the premium referred to in the notice. Fischer v. Metropolitan Life Ins. Co., 37 App. Div. 575, 580, 56 N. Y. Supp. 260, 264, affirmed 167 N. Y. 178, 60 N. E. 431. As was said in the case cited:

"It was just as necessary to prove one of those facts as the other, because both of them together were required to constitute a forfeiture."

The defense being an affirmative one, the burden of establishing it by proof of the facts upon which it depends rested upon the defendant. Plaintiff's counsel requested the court to charge:

"That the nonpayment of a premium and the forfeiture of the policy are affirmative defenses, that must be established by a preponderance of evidence."

The request was denied, and exception was duly taken.

For the reasons above stated, we think the plaintiff was entitled to have the jury instructed as requested. The evidence as to the payment of the premium in question was conflicting, and it cannot be affirmed that the plaintiff's rights may not have been prejudiced by the refusal to charge as requested.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur.