FRANK C. PIOTROWSKI, Appellant, *v.* ANTHONY CERVI, Doing Business under the Firm Name and Style of PEOPLE'S PAVING COMPANY, Respondent.

Fourth Department, November 19, 1924.

Contracts — action for breach of contract to haul gravel — plaintiff was required to furnish bond — bond was procured but not delivered to defendant — plaintiff's proof shows that defendant told plaintiff to keep bond until defendant asked for it — question of fact whether defendant waived tender of bond — error to dismiss complaint on ground that bond was not tendered — waiver, though not pleaded, was proven without objection and may be considered — Appellate Division, if necessary, may allow amendment to complaint under Civil Practice Act, § 109.

In an action to recover damages for a breach of a contract, whereby the plaintiff agreed to haul gravel for the defendant, which required the plaintiff to furnish a bond to secure the faithful performance of the contract, it was error for the court to dismiss the complaint on the ground that the plaintiff breached the contract by failing to deliver or tender the required bond, since the evidence raised an issue of fact as to whether or not the defendant waived the right to have the bond tendered by telling the plaintiff that he would call for the bond when he wanted it.

The question of waiver will be considered by the Appellate Division though it was not pleaded, since it appears that evidence relating to it was received in the lower court without objection and that the question was argued by counsel

and considered by the lower court when plaintiff's counsel asked that the question be submitted to the jury.

But even though waiver was not pleaded, the complaint, if insufficient to raise the issue, may be amended in the Appellate Division in the interests of justice under section 109 of the Civil Practice Act.

APPEAL by the plaintiff, Frank C. Piotrowski, from ·that part of a judgment of the Supreme Court, entered in the office of the clerk of the county of Erie on the 30th day of January, 1923, which dismisses the complaint upon the merits.

*O'Grady & Orr* [*Harold E. Orr* of counsel], for the appellant.

*Percy S. Lansdowne,* for the respondent.

CLARK, J.:

This action was brought for damages for alleged breach of contract, whereby plaintiff was employed by defendant to haul gravel from the Dennison sand and gravel pit in Bowmansville, N. Y., to the Cayuga road, portions of which were being constructed under contract by this defendant. The distance between these two points was a trifle over seven miles.

By the terms of the contract plaintiff was employed to haul about 8,000 cubic yards of sand and gravel, and defendant agreed to pay him fifty-five cents per cubic yard for the quantity hauled. The contract provided, among other things, that plaintiff before entering upon the work was to furnish a good and sufficient bond in the sum of $5,000, guaranteeing the performance of his contract, which bond was to be in form and sufficiency satisfactory to the defendant.

The evidence shows that shortly after the contract was made the parties had a conversation about this bond, and that defendant told plaintiff to procure it of any bond company in Buffalo.

Plaintiff did procure the bond on or about the 26th day of May, 1922, in the penal sum of $5,000, and signed by the American Surety Company, as surety, which provided among other things that if the principal should indemnify defendant against any loss or damage directly arising by reason of his failure to faithfully perform said contract, then the obligation should be void, but otherwise to remain in full force and effect.

Plaintiff testified that shortly after he had procured this bond he had a talk with defendant, and told him that he had procured the bond with the American Surety Company as surety, and that defendant replied: " That's all right; that bond is good," and that . plaintiff told defendant that the bond was at his home, whereupon defendant replied: " You keep it and when I get ready I'll call for it."

Plaintiff testified that on several occasions he inquired of defendant when he should go to work, but that on each occasion defendant put him off on the ground that he was not yet in position to begin operations on the road, and that finally about the eleventh of July he ascertained that defendant was at work under his contract, and was procuring gravel at another pit which was near his work.

Plaintiff testified that he was at all times ready and willing to perform the contract, that he had made preparations to do so, and had purchased an additional truck to enable him to haul the gravel, but that he was not permitted to do so.

Defendant testified that he called plaintiff on the telephone several times, and asked him about the bond and when he was going to work, but that plaintiff never tendered the bond and never showed it to him, and never did any work.

At the close of the evidence the complaint was dismissed on the theory that plaintiff breached the contract, because he never tendered to defendant the bond provided for in the contract, and the court refused to send to the jury the question whether or not the defendant had waived the condition of the contract requiring plaintiff to furnish the bond by telling plaintiff, as he testified, to keep it and he would call for it when he wanted it.  Defendant denied making such statement.

While the evidence establishes the fact that the bond which plaintiff had secured was never handed to defendant, if defendant upon being informed that plaintiff had the bond, told him that it was all right and that he might keep it, and that he would call for it when he wanted it, the jury might say that defendant had waived the condition that plaintiff must furnish a bond that was satisfactory to defendant, and the question whether or not there had been such waiver was a question of fact for the jury.  (*Grant* v. *Pratt & Lambert,* 87 App. Div. 490; *Alsens A. P. C. Works* v. *Degnon Cont. Co.,* 222 N. Y. 34.)

Waiver had not been pleaded, but the evidence to establish it was received without objection.  The question was argued by counsel and the court evidently considered the matter, for when plaintiff's counsel asked that the question of waiver be submitted to the jury, the court replied: " It seems to me that all that the jury can do would be to guess and I can guess just as well as they can.  I do not think that the plaintiff has shown a compliance with the contract."  Whereupon the court disposed of the matter as a question of law and dismissed the complaint.

But even though waiver was not pleaded the complaint if insufficient to raise the issue may be amended in the appellate court in the interests of justice.  (Civ. Prac. Act, § 109.)

I think the learned trial court fell into error in disposing of the question as a matter of law.

If defendant refused to permit plaintiff to draw the gravel because he had not furnished the bond as required, and tendered it to defendant, the question whether or not such tender had been waived by defendant, when he told plaintiff that he could keep the bond and he would call for it when he wanted it, as testified to by plaintiff, was a question of fact which should have been submitted to the jury.

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

HUBBS, P. J., SEARS, CROUCH and TAYLOR, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to appellant to abide event.