WILLIAM R. HALL, Respondent, *v.* WILLIAM S. GRAYS, Appellant.*

Third Department, November 20, 1929.

---

* Revg. 133 Misc. 14.

*J. J. McGuire,* for the appellant.

*J. T. & C. H. Gardner* [*Charles H. Gardner* of counsel], for the respondent.

PER CURIAM. Defendant has appealed from a foreclosure judgment of a purchase-money mortgage given by him to the plaintiff. The answer was a counterclaim, that plaintiff had made false representations as to the number of acres of tillable land, and the condition of the ensilage in two silos. Plaintiff's reply denied the counterclaim.

The trial court found that for the purpose of cheating and defrauding the defendant by inducing him to enter into the contract to purchase, plaintiff represented that the farm contained 200 acres of tillable land, and that the two silos contained ensilage which was in good and wholesome condition, while in fact there were only 141 acres of tillable land, and half of the ensilage was not in good and wholesome condition; also plaintiff knew these representations to be false and untrue or made them with a reckless disregard as to their truth or falsity.

But it was found that defendant did not rely thereon except as to the ensilage. His damage on this item was fixed at $320. Also, the opinion of the trial court states that defendant waived his right to damages by payments after he discovered the fraud.

There is incompatibility between a finding in the decision that defendant discovered the shortage of acreage soon after he took possession of the farm and one made by the court at defendant's request that it was after this action was commenced. If the latter is correct, there could have been no waiver, as one cannot waive that which he does not know. If this was a suit for rescission, the payments would have constituted a waiver, as would unreasonable delay in seeking the relief. But this cause of action at law for damages would survive even payment in full. The contract is not rescinded, it is affirmed. Defendant has elected to keep the farm and to recover damages arising from plaintiff's misrepresentations. The only limitation is the statute. (Civ. Prac. Act, § 48,

subd. 5.) If the plaintiff relied upon waiver, he should have pleaded it. It was not admissible under the denial in the reply. (*Bloomquist* v. *Farson*, 222 N. Y. 375, 381; *Fischer* v. *Metropolitan Life Insurance Co.*, 37 App. Div. 575; affd., 167 N. Y. 178; *McKay* v. *Draper*, 27 id. 256; *Grant* v. *Pratt & Lambert*, 87 App. Div. 490.)

The trial court has decided that the damage arising in connection with the ensilage was not waived. The payments were in part for the ensilage. Consistency then suggests that there was no waiver as to the acreage. The distinction is made that the land was visible, while the ensilage was concealed in the silo. This has no substance. It would have been a comparatively simple matter to ascertain by inspection the condition of the ensilage, while the court has found that the shortage of acreage could be learned only by actual survey. The acreage of tillable land in a man's farm is peculiarly within his knowledge. A purchaser does not have equal information, and in this case he could obtain it only by employing a man skilled in surveying and measuring land. The doctrine of *caveat emptor* does not apply. Defendant is entitled to recover for the acreage as well as the ensilage. (*Davis* v. *Rosenzweig Realty Co.*, 192 N. Y. 128; *Schumaker* v. *Mather*, 133 id. 590; *Pryor* v. *Foster*, 130 id. 171; *King* v. *Knapp*, 59 id. 462; *Kaston* v. *Zimmerman*, 192 App. Div. 511.) Damage of $2,000 on the acreage was shown.

The judgment should be reversed on the law and facts, and judgment rendered in favor of the defendant for $2,320, with interest from the date of the answer, less $1,500, with interest from August 15, 1926.

VAN KIRK, P. J., HINMAN, WHITMYER and HILL, JJ., concur; DAVIS, J., dissents and votes for affirmance on the ground that the findings of fact made by the trial justice should be sustained, as he saw and heard the witnesses.

Judgment reversed on the law and the facts, with costs, and judgment directed in favor of the defendant for $2,320, with interest from the date of the answer, less $1,500, with interest from August 15, 1926, with costs.

The court reverses findings of fact numbered 20 and 21, and all of 22 except as to the amount of damage for the ensilage, and makes a new finding of fact that the defendant suffered injury and damage of $2,000 because of the false representations knowingly made by plaintiff as to the number of acres of tillable land.