HIRAM P. BENTON, Appellant, v. EDWARD W. HATCH, Respondent.

Where, prior to the passage of the Code of Civil Procedure, a senior judgment-creditor redeemed land of the debtor, sold on execution issued upon a junior judgment, and received the sheriff's deed, and the land was of more value than the amount paid to redeem and the amount due upon the senior judgment, *held*, that said judgment was satisfied; and that a sale of other lands of the debtor upon execution issued thereon was invalid, and no title was acquired by virtue thereof.

*It seems*, the provisions of said Code, in regard to redemptions, have not substantially changed the provisions of the Revised Statutes; that the provision of the Code (§ 1463) requiring a redeeming creditor to execute and file a certificate specifying the sum due upon his judgment, and stating that the redemption satisfies his judgment in full, or to a specified amount, is a legislative construction of the provisions of the Revised Statutes, and the necessary implication therefrom is that some sum must be paid upon the senior judgment used for the purpose of redeeming; this sum is ordinarily the value of the property over and above the sum paid to redeem.

Under an answer denying the allegations of the complaint, in an action of ejectment, the defense of want of title in plaintiff is admissible.

Reported below, 43 Hun, 142.

(Submitted May 2, 1890; decided October 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 25, 1887, which reversed a judgment in favor

of plaintiff entered upon the report of a referee, and ordered a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Dobson & Orcutt* for appellant.   If a senior judgment-creditor redeem lands sold on a junior judgment, the senior judgment is not satisfied or affected in any manner.   (3 R. S. [6th ed.] 632, §§ 71, 75, 77, 79, 80, 81; *Ex parte P. I. Co.*, 7 Cow. 540; *Van Horne* v. *McLaren*, 2 Paige, 285; *Emmett* v. *Bradstreet*, 20 Wend. 50; 4 Wait's Pr. 112; *People* v. *Flemming*, 2 N. Y. 486, 487; *Livingstone* v. *Arnoux*, 56 id. 507; *C. C. Bank* v. *Risley*, 19 id. 373; *Snyder* v. *Warren*, 2 Cow. 518; *People* v. *Fleming*, 4 Den. 140; Code Civ. Pro. § 1463.) Jones' senior judgment, which was a lien upon numerous pieces of land, was not merged or extinguished at law or in equity by the fact that Jones redeemed several of the parcels, receiving sheriff's certificates, which he afterwards assigned before the judgment-debtor's title was divested by the expiration of the fifteen months, or by his redeeming and taking the sheriff's deed to the hotel property, that being the only portion of the judgment-debtor's land to which Jones ever acquired title.   (*Southworth* v. *Scofield*, 51 N. Y. 513; *Ten Eyck* v. *Craig*, 62 id. 406; 2 Pom. Eq. Juris. 251, 252; *Bragelman* v. *Dane*, 69 N. Y. 69; *Powell* v. *Smith*, 30 Mich. 451; *Blawdell* v. *Stanley*, 3 DeG. & Sm. 433; *Hatch* v. *Skelton*, 20 Beav. 453; *Sweinfin* v. *Sweinfin*, 29 id. 199; *Davis* v. *Barrett*, 14 id. 542; *Smith* v. *Roberts*, 91 id. 470; *Champney* v. *Cooper*, 32 id. 543; *Mickles* v. *Townsend*, 18 id. 582; *In re Gilbert*, 104 id. 200; *Asche* v. *Asche*, 113 id. 232.)   A trespasser cannot invoke an equitable rule to preserve to himself the fruits of his wrong.   The maxim cited by defendant's counsel, that equity regards as done what ought to be done, and upon which he bases his claim of the extinguishment and satisfaction of Jones' judgment, does not apply in favor of the defendant.   (1 Pom. Eq. Juris. § 365; Willard's Eq. Juris. 299; *Stephens* v. *Houser*, 39 N. Y. 302; *Littlejohn* v. *Attrill*,

94 id. 619.)   The defendant could not make the claim that
Jones' senior judgment was merged or extinguished in equity
under a general denial.   (*King* v. *Orser,* 4 Duer, 431 ; *Hoyt*
v. *Van Alstyne* 15 Barb. 568 ; *Duncan* v. *Spear,* 11 Wend.
54 ; *Davis* v. *Hoppock,* 6 Duer, 254 ; *Schermerhorn* v. *Van
Allen,* 18 Barb. 29, 31 ; *Amberger* v. *Marvin,* 4 E. D. Smith,
393 ; *Little* v. *Wilson,* Id. 422 ; *Raynor* v. *Timerson,* 46
Barb. 526.)

*Myron H. Peck* and *Charles E. Forsyth* for respondent.
A senior judgment-creditor cannot redeem lands sold under a
junior judgment without such redemption operating as pay-
ment of the senior judgment.   (3 R. S. [6th ed.] 632, §§ 71, 75,
76 ; *Ex parte P. I. Co.,* 7 Cow. 540 ; *People* v. *Fleming,* 4 Den.
137 ; 2 N. Y. 484, 487 ; *Elsworth* v. *Muldoon,* 46 How. Pr. 246 ;
*Rice* v. *Davis,* 7 Lans. 393 ; 7 Cow. 553 ; *Kleinhenz* v. *Phelps,*
6 Hun, 568 ; *C. R. R. Co.* v. *Walker,* 2 Duv. 150 ; 6 U. S. Dig.
200, § 3459 ; *Ex parte Ellwood,* 1 Den. 633 ; *Symonds* v.
*Peck,* 10 How. Pr. 395 ; *Ex parte Stevens,* 4 Cow. 133 ;
*Benedict* v. *Jones,* 18 Hun, 527 ; *Frost* v. *Y. S. Bk.,* 70 N. Y.
553, 560 ; *Stafford* v. *Williams,* 12 Barb. 240 ; *Roeksell* v. *Allen,*
3 McLean, 357 ; *Weaver* v. *Toogood,* 1 id. 230, 241 ; *Matthews*
v. *Aiken,* 1 N. Y. 595 ; *Craft* v. *Merrill,* 14 id. 456 ; *Wood* v.
*Colvin,* 2 Hill, 566 ; 1 Wait's Pr. 24 ; *James* v. *Morey,* 2
Cow. 246 ; *Clift* v. *White,* 15 Barb. 70 ; 12 N. Y. 159 ; *Hill*
v. *Pixley,* 63 Barb. 200 ; *Mickles* v. *Dillaye,* 15 Hun, 296 ;
Code, §§ 1452–1457 ; *Bodine* v. *Moore,* 18 N. Y. 347 ; *A. E.
Bank* v. *M. C. B. Co.,* 6 Hill, 362 ; *Shepard* v. *O'Neil,* 4
Barb. 125 ; *Case* v. *Boughton,* 11 Wend. 106, 109 ; *Spencer*
v. *Hartford,* 4 id. 381 ; *Morgan* v. *Plumb,* 9 id. 287, 292 ;
*H. M. & H. Co.* v. *Small,* 21 id. 273, 276 ; *F. & C. Bank* v.
*Sherman,* 33 N. Y. 69 ; *Olcott* v. *T. R. R. Co.,* 27 id. 546,
565 ; *Craig* v. *Tappen,* 2 Sandf. Ch. 88 ; *Carter* v. *Stevens,* 3
Den. 33 ; *Dauchy* v. *Bennett,* 7 How. Pr. 375 ; *McKinstry*
v. *Curtis,* 10 Paige, 503 ; *Russell* v. *Allen,* Id. 249 ; *Coxe* v.
*Wheeler,* 7 id. 248 ; *Tice* v. *Anneon,* 2 Johns. Ch. 125.)
Under the general denial all the facts were properly proved.

(*Crique* v. *Sears*, 17 Hun, 123, 125; *Evans* v. *Williams*, 60 Barb. 346–348; *Schwartz* v. *Oppold*, 74 N. Y. 307; *Manning* v. *Winter*, 7 Hun, 482; *Miller* v. *Ins. Co.*, 1 Abb. [N. C.] 470; *Griffin* v. *R. R. Co.*, 101 N. Y. 348, 354; *Gilman* v. *Gilman*, 111 id. 265.)

POTTER, J. The action is ejectment. The plaintiff bases his right to recover the premises described in the complaint upon a title derived from the sale of the premises under an execution issued upon a judgment recovered by George S. Jones against George W. Stevens on the 9th day of February, 1875, for the sum of $404.13, and which judgment was the first lien upon the lands and premises of said Stevens. On the eleventh of the same month judgments were also recovered against the said Stevens as follows, viz.: By the Cuba National Bank for the sum of $1,376.80; by Colerich for $374.61; by Mills for $3,145.17; and by the Bank of Angelica for $529.22. Stevens at that time owned several tracts of land in the county of Allegany.

The Cuba Bank issued an execution on its judgment, and caused to be sold under it the premises of Stevens known as the hotel lot for the sum of $652.50.

In due time and manner Jones, the senior judgment-creditor, redeemed the premises so sold, paying the amount of the bid with interest thereon, and afterwards executed a deed of said premises to the judgment-debtor Stephens for the sum of $800. Executions were issued upon the other judgments above named, and the premises of said Stephens known as Spaulding Mill property were sold thereunder for the sum of $460, and the same were redeemed by Jones under his senior judgment. Under an execution issued upon the Cuba Bank judgment the premises known as the Furnace lot was sold for $600, and the same was redeemed by said Jones under his senior judgment.

Upon executions issued upon the three last-named judgments there was also sold 360 acres of lands of said Stephens, and the said Jones, under his senior judgment, also redeemed the

lands so sold. Some five years after these sales and redemptions the said Jones applied for and obtained leave to issue execution upon affidavit that the whole amount thereof was due and unpaid, and upon the stipulation of said Stephens that execution might be issued upon the Jones judgment, and that the whole amount thereof with interest was due thereon. The premises in question were sold under the last-named execution, and bid off by the plaintiff for fifty dollars, and subsequently the sheriff executed a deed accordingly to the plaintiff. The plaintiff bases his title upon this deed.

The answer of the defendant was a denial of each and every allegation of the complaint, and affirmatively set up adverse possession.

The rights of the parties are to be determined under the Revised and other statutes in force when these proceedings were had and before the enactment of the Code of Civil Procedure, which also contains provisions in relation to the redemption of lands sold under execution.

The object of the statutes upon the subject of redemptions is that the property of the debtor shall be made available to its utmost extent in paying his debts.

The proceedings for that purpose are statutory and must be followed. The scheme of the statute is that for one year after the sale of lands under execution is made, the judgment-debtor, his grantee, devisee or heir may redeem the lands sold. After the expiration of a year from the sale and within the succeeding three months any judgment-creditor, whether senior or junior to the judgment on which the sale was made, may redeem and so acquire the right of the purchaser at the sale. (2 R. S. 371, § 50; *People* v. *Fleming*, 4 Den. 137.)

The question is what effect, if any, was produced upon the senior judgment of Jones by his redemption thereunder from the sale under the junior judgment of the Cuba Bank judgment. The appellant contends that it had no effect upon it. The respondent contends that it paid it in legal effect. It will not be questioned that the purchaser at the sale under the Cuba Bank (junior) judgment bought it subject to the lien of

the Jones (senior) judgment and that the Jones judgment being senior was not by such sale at all affected. After such sale, Jones had one of two courses he might pursue. He could sell the lands bid off under the Cuba Bank sale or he could redeem the lands from the purchaser at that sale. If he sold the lands under his (senior) judgment, and he himself bid them off, his judgment would be paid to the amount of the bid, and if he bid them off at a sum exceeding his judgment, he would have to pay the excess in cash. If the lands were bid off by another than Jones, the latter would be entitled to receive out of the bid the amount due upon his judgment and the purchaser at the Cuba Bank sale would be entitled to any surplus beyond paying the Jones judgment. But Jones chose to redeem rather than to sell under his judgment, and so he took the position occupied by the purchaser under the Cuba judgment sale. That position, as we have seen, was that of purchaser and owner subject to the Jones judgment. In other words Jones had become the owner of the land by purchase from the Cuba Bank purchaser subject to the senior judgment owned by himself. The purchaser at the Cuba Bank sale got back by Jones' redemption the sum that he paid for the land subject to the Jones judgment and which he would have to pay to acquire Jones' position. Jones should pay or credit the same if he would take the place of the Cuba Bank purchaser after paying and purchasing the Jones judgment.

The position of Jones is that he has become, by means of the redemption, owner of the lands at a cost of the sum he paid to redeem and the amount of his own judgment. No other can take his place or become the owner of the property without paying Jones the amount the property has cost him, viz.: the amount which he paid to redeem it from the Cuba Bank judgment sale and the amount of his own judgment. Sub-division 2 of section 55, provides "If the judgment or decree by virtue of which the first creditor acquired the title of the original purchaser, be prior to the judgment or decree of such second creditor, then such second creditor shall also pay to such first creditor the amount due on his judgment or decree."

The provisions of the Code of Civil Procedure have not changed the substance of the provisions of the Revised Statutes.

The new sections added to and the modifications made in the provisions of the Revised Statutes under which these sales and redemptions were had by the Code of Civil Procedure tend to confirm the reasoning and views here presented. Under the provisions of the Code, the redeeming creditor is required to make and file a certificate showing the extent to which his judgment was paid by using it to effect a redemption from a sale under execution.

By section 1463, the certificate must be acknowledged or proved and certified in like manner as a deed to be recorded in the county, must describe the judgment under which he redeems and specify the sum due thereon and must state that the redemption satisfies the judgment in full or to a specified amount and the same must be filed in the office of the county clerk.

This is a very plain legislative construction of the provisions of the Revised Statutes under which these proceedings were had, and giving rise to the question involved in this case. The necessary implication from this section is that some sum must be paid upon a senior judgment which is used in redeeming from a sale under a junior judgment. The amount which would ordinarily be applied upon the senior judgment in redeeming from a sale under a junior judgment would be the value of the property over and above the sum bid upon the junior judgment and subject to which the purchaser bid off the property.

In this case it appears that Jones, the senior judgment-creditor, had three times redeemed from sales under junior judgments of properties each of which was worth more than the sum it sold for and the amount of the Jones judgment, and notwithstanding these facts, nothing according to the appellant's contention had yet been paid upon or was applicable to the Jones judgment, and he was at liberty to issue execution upon it and sell other property of the judgment-

debtor to satisfy the whole of his judgment and the interest thereon.

If the purchasers at the several sales under the judgments junior to the Jones judgment, purchased the lands with the same expectation that the purchaser under the Cuba Bank judgment did, viz.: subject to the lien of the Jones judgment, it is manifest that the amount of the Jones judgment was virtually taken out of the amount of the bids of the last three sales and the creditors of Stephens lost those amounts out of their judgments; and if the appellant's contention is correct, then the creditors of Stephens lost four times the amount of the Jones judgment, and the Jones judgment was not paid or affected in any way whatever, but was left to be enforced by a sale of other property of the judgment-debtor.

This, it seems to me, is contrary to the statute under consideration and also contrary to the equities recognized and enforced by the courts in analogous cases.

My conclusion is that the Jones judgment was paid or satisfied and the plaintiff took no title by virtue of the sale under that judgment. (*Craft* v. *Merrill*, 14 N. Y. 456; *Frost* v. *Yonkers Sav. Bk.*, 70 id. 553–560; *Wood* v. *Colvin*, 2 Hill, 566.)

The evidence offered to prove that the value of property sold was more than the Jones judgment and the sum bid on each sale should have been received.

There is no question that the defense of want of title in the plaintiff in an action of ejectment is admissible under an answer denying the complaint. (*Schwarz* v. *Oppold*, 74 N. Y. 307.)

The order appealed from should be affirmed and judgment absolute given for defendant, with costs.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.

Order affirmed and judgment accordingly.