[Civil No. 3497. Filed July 1, 1935.]

[47 Pac. (2d) 438.]

C. C. MICHENER, as Trustee for the Pinto-Navajo Syndicate, Appellant, v. STANDARD ACCIDENT INSURANCE COMPANY, a Corporation, Appellee.

Mr. W. E. Ferguson, for Appellant.

Messrs. Sloan, McKesson & Scott and Mr. Edwin D. Green, for Appellee.

LOCKWOOD, C. J.—C. C. Michener, as trustee for the Pinto-Navajo Syndicate, hereinafter called plaintiff, brought suit against Julius Wetzler, Evelyn S. Wetzler, his wife, and Standard Accident Insurance Company, a corporation, the latter hereinafter called defendant.

The complaint was filed in the superior court of Navajo county on the 5th day of June, 1931, and on the same day summons was issued in the usual form. In the body thereof the defendants were required to "answer the complaint therein filed with the Clerk of this said court, at Holbrook, in said county, within twenty days after the service upon you of this Summons, if served in this said County, or in all other cases within thirty days thereafter."

This summons, with complaint attached, was served on the defendant on June 8, 1931, by delivering it to Amos A. Betts, as member and chairman of the Arizona Corporation Commission, in Maricopa county, Arizona, and was immediately transmitted by the

Corporation Commission by mail to the home office of defendant at Detroit, Michigan, it being a non-resident insurance corporation. Defendant in turn immediately mailed the summons and complaint to its attorneys in Phoenix, Arizona, it being received by them on June 22d. Believing that since the action was filed in Navajo county and the summons was served in Maricopa county, they had thirty days in which to answer, they prepared various appropriate pleadings, and on July 6th filed them in the office of the clerk of the superior court of Navajo county.

The attorney for plaintiff, however, believing that under section 1795, Revised Code of 1928, defendant had only twenty days in which to answer, had on June 30th prior to the filing of the pleadings of defendant, as aforesaid, without any notice to the latter, or its attorneys, caused a default to be entered against defendant for failure to answer.

Upon discovering the situation, defendant's counsel took the matter up with counsel for plaintiff and the clerk of the court to ascertain why a default had been, as they believed, prematurely entered, and attempted to get counsel for plaintiff to agree to a vacation of the default, but being unable to do so, on September 12th filed a motion to vacate the default, supported by an affidavit setting forth the foregoing facts, and alleging that it had a meritorious defense to the action, setting such defense forth in detail. The matter was argued to the court, and on November 7th an order was made setting aside the default and allowing defendant to answer. Thereafter the case proceeded to trial on the merits, and judgment was rendered in favor of defendant. The Wetzlers having failed to answer at any time, judgment was taken against them by plaintiff, and the present appeal affects only the judgment in favor of defendant Standard Accident Insurance Company.

After the record upon appeal had been filed in this court, on motion of defendant the reporter's transcript was stricken. Plaintiff moved to reinstate it and this last motion was briefed and also argued orally most strenuously by counsel for both plaintiff and defendant, and was finally by the court denied.

■ There are four assignments of error, three of which go to the admission of evidence and its sufficiency to support certain findings of the court. Since the evidence in the case is not before us, we, of course, cannot consider these assignments. *Kinney* v. *Neis*, 14 Ariz. 318, 127 Pac. 719; *Holmes et al.* v. *Bennett*, 14 Ariz. 298, 127 Pac. 753; *Floyd* v. *Hornbeck*, 39 Ariz. 178, 4 Pac. (2d) 908; *Shaffer* v. *Territory*, 14 Ariz. 329, 127 Pac. 746; *Hamilton* v. *State*, 17 Ariz. 483, 154 Pac. 1039; *Ensign* v. *Koyk*, 31 Ariz. 1, 250 Pac. 246; *Wooster* v. *Scorse*, 16 Ariz. 11, 140 Pac. 819; *Miller* v. *Maddux*, 37 Ariz. 485, 295 Pac. 326.

There remains, then, the first assignment, which is that the court erred in granting the motion to set aside the default. It is the position of plaintiff that under section 1795, Revised Code of 1928, which reads as follows,

"§ 1795. *Commissioners to be appointed agents for service of process; fees.* Any foreign insurance company having a place of business in this state, shall appoint each member of the commission its attorney, upon whom all lawful processes in any action or proceeding against such company may be served, and file such appointment with the commission together with a copy of its charter and by-laws. Service of summons in any civil action upon such attorney shall be deemed personal service upon the company within the county where the action is brought. For the filing of such appointment, said company shall pay to the commission a fee of five dollars, and shall not pay any further fees to said commission for any

services as such attorney'' (italics ours), defendant had only twenty days in which to answer a complaint.

It is the contention of defendant (a) that section 1795, *supra,* so far as it attempts to limit nonresident insurance corporations to twenty days in which to answer a suit filed against them outside of Maricopa county, is unconstitutional, for the reason that it gives to domestic insurance corporations the privilege of answering within thirty days under the same circumstances where nonresident corporations are limited to twenty days; (b) that even if section 1795, *supra,* be constitutional, since the summons on its face required a defendant served outside of the county where the suit was brought to answer within thirty days, they were entitled to that period to answer it, even though it was greater than the time allowed by statute; (c) that in any event upon the filing of an affidavit showing excusable neglect for failing to answer within the time required, and a meritorious defense, it was discretionary with the trial court as to whether the default should be set aside, and that this discretion will not be reviewed by this court except for an abuse thereof.

We think it unnecessary to consider anything but defendant's contention (c), as we are satisfied that the judgment should be affirmed for the reasons set forth therein. This court has held repeatedly that in order that a default may be set aside it is necessary for the party in default to show (1) that his failure to answer within the time required by law was excusable neglect, and (2) that he had a defense on the merits. We have further held that whether the neglect alleged was excusable, and whether there was a defense on the merits were questions for the sound legal discretion of the trial court, and that its action would be reviewed by us only for

an abuse of such discretion. *Beltran* v. *Roll,* 39 Ariz. 417, 7 Pac. (2d) 248, and cases cited therein.

We are satisfied that under all the circumstances above set forth, not only was it within the reasonable discretion of the trial court to set aside the default of defendant, but that it would have been an abuse of discretion on the showing made to refuse to do so. For this reason, no error was committed, and the judgment is affirmed.

McALISTER and ROSS, JJ., concur.