[Civil No. 3859.    Filed October 18, 1937.]

[72 Pac. (2d) 684.]

H. W. FAHRENBRINK and GERTRUDE L. FAHRENBRINK, Appellants, v. GRANVILLE S. MOORE, Appellee.

Mr. Fred L. Ingraham and Mr. Mercer Hemperley, for Appellants.

Mr. Ray C. Bennett and Mr. Charles E. Beardsley, for Appellee.

ROSS, J.—H. W. Fahrenbrink and Gertrude L. Fahrenbrink, husband and wife, owners, gave a lease and option on two mining claims, Quartette No. 1 and Quartette No. 2, located in Yuma county, Arizona, to E. A. Ely, and this action by them is against Ely and Granville S. Moore, to whom Ely assigned the lease and option, and John Doe one, two, three and four, described as a fictitious corporation.

The purpose of the action is to secure a cancellation and forfeiture of the lease and option for numerous breaches of the terms thereof, alleged to have been committed by Ely and his assignee Moore. The defendant Moore, as the assignee of the lease and option, filed an answer denying that the contract had been breached as alleged, or at all, and setting up certain affirmative defenses. The action proceeded against Moore alone. The record and judgment are silent as to the other named defendants. It does not appear that any of them was served with process or filed any appearance.

The case was tried to the court without a jury, and the court found the issues in favor of defendant Moore and against the plaintiffs and entered judgment accordingly. The plaintiffs have appealed. They at-

tempted to make the transcript of the testimony a part of the record but, upon motion, it was stricken so we do.not have the evidence. Assignments of error relating to admission and sufficiency of evidence cannot be considered where the reporter's transcript is stricken or where the court has not the evidence before it. *Michener* v. *Standard Acc. Ins. Co.*, 46 Ariz. 66, 47 Pac. (2d) 438; *Koester* v. *Golden Turkey Min. Co. et al., ante*, p. 344, 71 Pac. (2d) 1086, decided October 11, 1937.

This leaves only four assignments to be considered. Three of these are directed at the court's rulings striking certain allegations from the complaint on defendant's motion, and the fourth is from an order overruling plaintiffs' demurrer to the answer and refusing to strike certain portions of the answer.

■ One of the provisions of the lease and option contract reads:

" . . . all work and mining operations performed and carried on by buyer shall be in minerlike fashion and with a view towards developing the property into a workable mine, properly timbering such workings. . . . "

The breach of this provision is alleged in the following words:

" . . . said defendants and all of them have violated the terms and conditions thereof and have breached and defaulted same, and especially that they have failed to work said mine in a minerlike fashion with a view towards developing the property into a workable mine *and such work as they have done in said mine has been done with no intention and had no effect to develop said property into a workable mine and consists of nothing more than the extraction of ores therefrom.*"

The italicized portion was stricken and the court's ruling is assigned as error. It is quite clear the

stricken part contains no direct allegation of fact but only the conclusions of the pleader. At best, the stricken part is largely a repetition of what was left of the sentence.

■ Other conditions of the lease and option were (1) "that work shall be continuous thereon, except when prevented by strikes or other causes beyond the control of buyer," and (2) "buyer further agrees that not less than one hundred (100) shifts of work shall be done upon the said property during each and every month during the life of this contract." The breaches of these provisions are alleged in the following words:

"That notwithstanding the terms of said agreement the defendants have violated the terms and conditions thereof and especially that the work performed by said defendants has not been continuous, in that said defendants have not performed an average of thirty (30) days work per month. . . . "

"On the contrary, all work was suspended on said mine by defendants for a period of approximately —— days between the 1st day of February and the 25th day of April, 1936. . . . "

There is no requirement in the contract that the buyer should "perform thirty (30) days work per month," and the condition that work should be continuous has exceptions which were not negatived. There is no allegation that less than a hundred shifts of work per month were performed. These stricken parts of the complaint stated no facts showing any breach of the contract and were properly stricken.

The court did not err in overruling plaintiffs' demurrer to defendants' answer and their motion to strike certain portions thereof. Without setting the answer out in full, it is sufficient to state that it alleged a good and proper defense.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.