[Civil No. 4400.    Filed December 15, 1941.]

[120 Pac. (2d) 396.]

H. B. HUGHES and COIT I. HUGHES, Appellants, v. KATIE F. YOUNG, Appellee.

Mr. E. E. Selden, for Appellants.

Messrs. Townsend, Jenckes & Wildman, for Appellee.

LOCKWOOD, C. J.—Katie F. Young, called plaintiff, brought suit against H. B. Hughes, called defendant, and her husband Coit I. Hughes, to quiet title to certain premises described in the complaint. Defendant answered claiming a superior interest in the property by reason of a certain judgment obtained against H. L. Mosher at a time when the latter was the owner of the premises. Plaintiff replied alleging that the judgment lien of defendant had been extinguished by reason of her redemption of certain other property of Mosher's from a foreclosure sale, the property thus redeemed being of far greater value than the amount paid for redemption, plus the judgment lien of defendant and any other liens against such property redeemed, and further that her judgment lien, if it was not extinguished by reason of the redemption as aforesaid, was barred by a certain judgment of the superior court of Maricopa County.

The case came on for hearing before the court sitting without a jury. Oral and documentary evidence was introduced by both plaintiff and defendant, whereupon judgment was rendered for plaintiff as prayed in her complaint, for costs and $75 attorney's fees, whereupon this appeal was taken.

One of the objections is that there is not sufficient evidence to support the findings and judgment of the trial court. The reporter's transcript and part of the documentary evidence, which were before the lower court, were not made a part of the record on appeal. We have held repeatedly that in such case we will not consider an objection that the evidence does not sustain the judgment, unless the record shows

affirmatively that certain facts exist which, as a matter of law, would make the judgment rendered erroneous. *Arizona Land & Stock Co.* v. *Markus,* 37 Ariz. 530, 296 Pac. 251; *Gay* v. *City of Glendale,* 41 Ariz. 207, 16 Pac. (2d) 971.

Defendant has asked that we have the record corrected, under section 21–1826, Arizona Code 1939, by having certified to this court the record of the renewal of the judgment obtained by her against Mosher and renewed under date of November 13, 1939, and

"further that the said clerk obtain and file a certified copy of the record of the renewal of the judgment in said cause as the same appears in the Office of the Recorder of Maricopa County, Arizona, in Book 2, of Judgments, at pages 142 & 143, . . . "

The section referred to reads, so far as material, as follows:

"*Power of court to correct record.*— . . . If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the superior court, either before or after the record is transmitted to the Supreme Court, or the Supreme Court, on a proper suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk of the superior court."

This is a provision of the new rules, which was intended to obviate the necessity of a judgment being affirmed on account of the fact that a complete record of the proceedings in the lower court was not before this court when, if such record was brought up, it would show that the judgment should be reversed. The rule is obviously in the interest of justice and to prevent affirmance due to the inadvertence of counsel in completing their record in this court, and should be lib-

erally construed. But there are limits to its application. We may, by virtue thereof, have any record of the proceedings in the lower court, which has been omitted from the record on appeal, brought before us at any time if we think it is necessary in order to do justice on the merits of the case. But we may not supply evidence which was never presented to the lower court, even though it may be that such evidence is in existence somewhere.

■ If the record of the renewal of the judgment relied on by defendant was admitted in evidence in the trial of this case, but was not included in the record on appeal, we can, and will, if necessary in the interest of justice, have the clerk of the superior court send up the missinng record, but we cannot require him to go to another office and get a certified copy from that office of a document which was never offered in evidence in the trial below, and transmit it to us as a part of the records of his court. The pleadings do not show any allegation that the renewal of judgment relied upon by defendant was ever recorded in the office of the county recorder of Maricopa County. Nor was it suggested evidence to that effect was introduced in the trial court.

Section 3862, Revised Code 1928, as amended by chapter 41, of the Regular Session Laws of 1935, reads, in part, as follows:

" . . . No lien upon or against the real property of the judgment debtor shall be continued by an affidavit of renewal until a copy of said affidavit, properly certified by the clerk of the court, shall be recorded in the office of the county recorder. From and after the time of recordation of the copy of the affidavit of renewal, certified by the clerk of the court, the judgment shall be a lien to the extent of the balance shown in the affidavit of renewal against all the real property of the judgment debtor, except such as is or

may be exempt from execution, including the interest in the homestead, for a period of five years from the date of docketing of said affidavit of renewal with the clerk. . . . ''

It will be seen the statute explicitly states that the renewal of judgment shall not be a lien on the property of the judgment debtor until it is recorded in the office of the county recorder. If it does not appear in the record that defendant's judgment was properly renewed so that it would remain a lien upon the property in controversy, the trial court correctly quieted plaintiff's title as against defendant.

█ But, even assuming for the purpose of the argument that it did appear in the record that defendant's judgment was properly renewed so that it would remain a lien on the property in question, there is another and fatal bar to her claim. Plaintiff alleges in her reply that defendant, by virtue of the judgment in question, redeemed from an execution sale certain other property owned by Mosher, and on which her judgment was a lien at the time of redemption, and that the value of the property so redeemed was far in excess of defendant's judgment, plus the amount she paid for redemption. Since the reporter's transcript is not before us and there has been no request that we order it sent up under section 21–1826, *supra,* we must assume that the evidence showed that this allegation was true. Plaintiff urges the rule is that when a judgment creditor redeems property of the judgment debtor which has been sold at an execution sale, if the property be worth more than the cost of the redemption, plus the judgment of the redemptioner, the latter's judgment is considered as paid and satisfied. Defendant contends that the redemptioner takes merely as a purchaser, and that the redemption has no effect whatever upon his judgment.

There are two lines of decisions upon this issue, so far as we have been able to ascertain. In the very early cases of *Emmet's Adm'rs* v. *Bradstreet,* 20 Wend., (N. Y.) 50, and *Van Horne* v. *McLaren,* 8 Paige, (N. Y.) 285, 35 Am. Dec. 685, the court held, under the New York statute as it existed at that time, that the redemption by a judgment creditor did not extinguish his judgment, even though the property redeemed was worth far more than the judgment and the amount paid for redemption. But the New York statute then prescribed no order of redemption as among the creditors, and the argument supporting the conclusion of the court was based primarily on the possibility that a junior creditor might redeem before a senior, and the situation that would arise if such a contingency occurred.

The Arizona statute on redemption, being section 24–302, Arizona Code 1939, reads as follows:

*"Time for redemption.*—The judgment debtor or his successors in interest may redeem at any time within six (6) months after the date of the sale. If such redemption be not made, the senior creditor having a lien, legal or equitable upon the premises sold, or some part thereof, subsequent to the judgment under which the sale was made, may redeem within five (5) days after the expiration of said six (6) months; and each subsequent creditor having a lien in succession, according to priority of liens, within five (5) days after the time allowed the prior lienholder, respectively, may redeem by paying the amount for which the property was sold, and all liens prior to his own held by the person from whom redemption is made, together with eight (8) per cent. added thereto as hereinafter provided."

It will be noted that it is expressly provided thereby that the right of redemption accrues strictly in the order of the liens of the creditors. Under our statute no situation such as was contemplated by the New

York courts could possibly arise. A junior creditor can never redeem until all creditors senior to him have exhausted their rights. The statute of Minnesota on this point was, in substance, like ours and the same question came before the supreme court of that state in *Sprague* v. *Martin,* 29 Minn. 226, 13 N. W. 34, 38. The court said:

" . . . In the case of the mortgagee who makes a strict foreclosure of his mortgage, as well as in the case of the creditor having a lien by judgment or mortgage, or otherwise, and who acquires the title by redemption, the essential principle is, that, in a manner prescribed by the law, as a remedy in their behalf, they have appropriated the security on account of the debt. Having done so, and thereby acquired property equal to or exceeding in value the debt, no principle of law or equity supports the claim that the debt is still unimpaired, and that its collection may be enforced at law or by further redemptions under the statute or in equity. It is true, there is no provision made by statute as to the effect of redemption by creditors, as respects the debt, but it does not follow that the redemption is not a satisfaction of the debt to the extent of the value of the property, less the sum paid to effect redemption. There is nothing in the statute to forbid such a result, and it is consistent with equity and the analogies of the law. It probably does not often occur that a decree of strict foreclosure of mortgage indicates that the property is to be applied to the extent of its value in reduction of the debt, nor does any statute so provide. Yet there is no doubt that such is the result.

"Our statute provides a method by notice, after condition broken, whereby a chattel mortgage may be foreclosed without sale, and the mortgagee become the absolute owner of the mortgaged property discharged of all right of redemption. It does not provide that by such foreclosure the mortgage debt is satisfied to the extent of the value of the property. But is there any doubt that such would be the result?

"The statute does not indicate the status of the debt of a senior creditor of a mortgagor who has made

redemption from a mortgage sale, and from whom in turn a junior creditor redeems. But can it be doubted that his debt is discharged? The statute not indicating the result, as respects the debt, of redemptions made according to its provisions, the court must determine it upon legal principles, whenever the question is presented for adjudication. So, too, the extent of the satisfaction of the debt in cases like the present, as measured by the value of the property, is necessarily left for adjudication whenever the issue is presented. [Citing cases]. The same necessity would have existed if the debtor had simply transferred to his creditor property other than money to apply on the debt. The latter question is not in issue in this case, for it is admitted as a fact that the property first redeemed by Martin exceeded in value his judgment, and the sum paid to effect such redemption. For the reasons already indicated he was not thereafter a creditor having a lien, and the second redemption was unauthorized.

"We are aware that a different conclusion has been expressed in New York, (*Van Horne* v. *McLaren,* 8 Paige [N. Y.], 285, [35 Am. Dec. 685]; *Emmet's Adm'rs* v. *Bradstreet,* 20 Wend. [N. Y.], 50); but these cases are of less value to us as authority in this case than they would otherwise have been, because of the difference in the statutes of the two states. The statute of New York respecting redemptions (from execution sales) prescribes no order in which, as among creditors, the right of redemption shall be exercised; and, as was considered in the case first above cited, a senior creditor may redeem from a junior creditor (who has made redemption from a purchaser) by simply refunding the amount paid by the latter to effect redemption, and without paying the lien of such junior creditor. Stress was therefore laid upon the fact that to give to the redemption by the junior creditor the force of a satisfaction of his judgment, and to then allow the senior creditor by redemption to divest him of his interest in the property, simply reimbursing the sum paid by the junior creditor to redeem, would be to deprive him of his judgment and give him

nothing in return. Such could not be the result of the operation of our statutes relating to redemptions.''

■■ The same conclusion was reached on substantially a similar statute in the case of *Work* v. *Braun,* 19 S. D. 437, 103 N. W. 764. Indeed, in the case of *Benton* v. *Hatch,* 122 N. Y. 322, 25 N. E. 486, decided much later than the other two New York cases cited, the argument, in effect, supports the reasoning of the Minnesota and South Dakota cases. We hold, therefore, that when property is redeemed under the statute by a judgment creditor and the value of the property exceeds the amount of the judgment and the sum paid for redemption, the judgment on which the right of redemption is based is satified and discharged.

There are other matters presented, to which we have given consideration, but in view of what we have said we do not think it is necessary to discuss them.

The judgment of the trial court is affirmed.

McALISTER and ROSS, JJ., concur.