253 P.2d 615

**SMITH v. MEYERS.**

No. 5661.

Supreme Court of Arizona.

Feb. 16, 1953.

Douglas H. Clark and Robert H. Renaud, of Phoenix, for appellant.

Marks & Marks, of Phoenix, for appellee.

WINDES, Justice.

Appellant herein was plaintiff below and appellee was defendant. Hereinafter the parties will be referred to as plaintiff and defendant. All dates mentioned refer to the year 1951.

Plaintiff filed suit against defendant and after due service and expiration of the time to answer, on April 9th by minute entry a default judgment in the sum of $75,000 was rendered against the defendant. On the following July 24th defendant filed a motion to set aside the default judgment on the ground of surprise and excusable neglect supported by affidavits and a proposed unverified answer. This motion was by the court set down to be specially argued on September 22nd. Thereafter the hearing thereon was several times continued until October 20th at which time the plaintiff moved to strike the motion upon the ground that it failed to comply with the statute. Defendant asked leave of the court to permit defendant to verify the answer attached to her motion. The court thereupon made an order granting plaintiff's motion to strike and giving

defendant permission to make motion to amend the same. Thereupon the court made an order "granting defendant leave to amend the Motion to Set Aside Default and Judgment Entered Thereon." Thereafter and on the same day defendant filed a motion to set aside the default with supporting affidavit and with the tendered answer duly verified. The motion was finally heard on November 1st and on December 12th the motion to set aside the judgment was granted. Plaintiff appeals and assigns as error that the court had no jurisdiction to make its final order because the motion upon which the court acted was not filed within the six months after the entry of judgment as required by the statute.

We think that the second motion filed in response to the court's order granting defendant leave to amend his motion must be construed as the filing of an amended motion rather than the filing of an original motion. Such being the situation, the correct answer to the problem depends upon whether the court had jurisdiction to authorize the filing of the amended motion.

It is contended that since this court has ruled that there must be filed with the motion an affidavit of merit and there was presented therewith only an unverified answer, the court was powerless to act for want of jurisdiction. This court has ruled that there must be presented with the motion an affidavit of merit but has not ruled that such requirement is jurisdictional.

Our Rule 60(b), Section 21–1502, A.C.A. 1939, was taken from Section 473, California Code of Civil Procedure. Einboden v. Martin, 70 Ariz. 245, 219 P.2d 330. In construing Section 473, California has ruled that when one presents to the court what the rule requires, to-wit, an application for relief showing mistake, inadvertence, surprise or excusable neglect accompanied by a copy of the proposed answer, jurisdiction attaches. Roseborough v. Campbell, 46 Cal.App.2d 257, 115 P.2d 839, 841. In this case it is pointed out that the California statute requires that to be a good answer in that class of case, the same should be verified. Therein the court said:

"* * * It has frequently been held that section 473 should be liberally construed to the end that justice be done, and there are no good reasons for reading into that section technical requirements which were not put there by the legislature. Affidavits and a verified copy of the answer were served and presented in connection with the notice of motion and if we assume that any technical defects existed in connection with the manner in which they were sworn to the court had the power and could properly permit such defects to be corrected after the time had expired, the court then having acquired full jurisdiction of the matter. * * *"

The exact situation herein was presented in an early case to the Iowa Supreme

Court, Rush v. Rush, 46 Iowa 648. Therein the statute provides that the application to set aside a default "shall be by petition, verified by affidavit." Code 1873, § 3157. The petition was not verified as required by statute. In disposing of the matter the court said:

"  *   *   * If a petition which should be verified is not verified it is to be presumed that the omission was an oversight. Such would ordinarily be the fact, and the petition should, we think, be regarded as amendable. If the other party is not willing to waive the verification, he may, on motion, compel an amendment, or the petition will be stricken out. The remedy provided for the aggrieved party is simple and inexpensive. He can, therefore, have no substantial ground for complaint. If, on the other hand, the affidavit should be regarded as jurisdictional, the petition would not be amendable, and if the omission was not discovered until the year had expired, such omission would prove fatal, as is claimed by the appellee in this case. We are unwilling, therefore, to regard it as jurisdictional, in the absence of a statute so providing."

██ Assuming jurisdiction to allow the amendment, Rule 15(a), Section 21–448, A.C.A.1939, provides that leave to amend "shall be freely given when justice so requires." Rule 15(c), Section 21–450, provides as follows:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

This section has been construed to authorize amendments supplying jurisdictional facts and when so authorized the amendment relates back to the filing of the original pleading so long as the facts upon which the claim is based are substantially the same. Section 450, Volume I, Federal Practice and Procedure, Barron and Holtzoff.

Applied to the situation herein, an answer was submitted showing a meritorious defense. It was defective in that it was not verified. In harmony with the foregoing, no material change or deviation from the original facts stated are proposed in the amendment and there should be no reason in the interest of justice why the amendment should not be allowed and why the amendment should not relate back to the filing of the original motion.

Counsel relies upon Kitt v. Holbert, 30 Ariz. 397, 248 P. 25, wherein this court held that a defective statement of contest of an election could not be amended after the expiration of the time for initiating the contest. This is not an analogous situation. The reason for disallowing such amendment is that it would, in violation of statute, operate to extend the time for

initiating such statutory and summary pro-ceedings and the statute pertaining thereto should be strictly construed as to the provisions for inaugurating the contest.

The order setting aside the judgment is affirmed.

STANFORD, C. J., and PHELPS, LA PRADE and UDALL, JJ., concur.