355 P.2d 892

**HENDRIE BUICK COMPANY, a Corporation, Appellant,**

v.

**A. R. MACK, Appellee.**

No. 6637.

Supreme Court of Arizona.

Oct. 5, 1960.

Stokes, Bagnall & Moring, Coolidge, for appellant.

Richardson & Krupp, Safford, for appellee.

BERNSTEIN, Justice.

This is an appeal from an order of the Graham County Superior Court vacating a default judgment entered in favor of appellant Hendrie Buick Company (hereinafter called the "plaintiff") against A. R. Mack (hereinafter called the "defendant").

Plaintiff appeals also from the order which granted defendant leave to file an amended motion to vacate the default judgment.

Plaintiff commenced the instant replevin action to recover from defendant an automobile which plaintiff had sold to a third person under a conditional sales contract. The purchaser, in default under the contract, had sold the automobile to another, who, in turn, transferred it to defendant. During the pendency of the action the automobile was turned over to plaintiff, but defendant having failed to appear or answer the complaint, his default was entered. After a hearing, the Superior Court on April 29, 1957 entered a default judgment against defendant in the sum of $1,000, representing the claimed value of the automobile, plus $250 damages. The court ordered the automobile to be sold and the proceeds thereof applied to the judgment.

On May 2, 1957 defendant moved to vacate the default judgment on the ground that it was entered through defendant's "mistake, inadvertence, surprise or excusable neglect." In his supporting affidavit defendant stated that after the complaint was served, plaintiff agreed that "no further action would be taken with reference to this case" if the automobile was delivered to plaintiff; that the automobile was so delivered; that the default judgment was entered without defendant's knowledge; and that defendant has a "meritorious defense" to the action.

On the return of the motion on October 14, 1957, the Superior Court permitted defendant to submit an amended motion to vacate the default judgment. The affidavit in support of the amended motion restated the allegations of the original affidavit, and added that defendant had purchased the automobile for $200, its then value, and had spent $150 to replace wheels and other parts missing therefrom. In its controverting affidavit plaintiff conceded it would have taken no further action if the automobile were returned in good running condition; but stated that such was not done and that the default was entered only after plaintiff had notified the attorney who had purportedly been representing defendant that the defendant would have additional time to answer the complaint.

Following a hearing, the court vacated the default judgment. On this appeal plaintiff argues that defendant's original motion was improper because of the legal insufficiency of the affidavit, that the court did not have jurisdiction to permit the filing of the amended motion and affidavit, and that the affidavit in support of the amended motion was also defective.

■ Under Rules 55(c) and 60(c) of the Rules of Civil Procedure, 16 A.R.S., the court may, on motion made within a reasonable time but not later than six months after entry of a default judgment, relieve a party from such judgment "taken against him through his mistake, inadvertence, surprise, or excusable neglect." The requirements for such motion are clearly set forth in Rogers v. Tapo, 72 Ariz. 53, 55, 230 P.2d 522, 524, where it was said:

> "This court has stated on many occasions that in order for a default to be set aside the party in default must show: (1) that his failure to answer within the time required by law was excusable neglect, and (2) that he had a meritorious defense."

See, also, Huff v. Flynn, 48 Ariz. 175, 60 P.2d 931; Michener v. Standard Accident Insurance Co., 46 Ariz. 66, 47 P.2d 438; Beltran v. Roll, 39 Ariz. 417, 7 P.2d 248.

■ In the instant case, defendant has made an adequate showing that his neglect in failing to answer the complaint was excusable. In both the original and the amended affidavits defendant stated that he "took no further action in retaining counsel to defend said law suit" in reliance on plaintiff's statements that if the automobile was returned, "no further action would be taken with reference to this case" and that the default judgment was entered "without his knowledge and without any notice."

■ Plaintiff admits that it agreed not to take further action, but only if the automobile were restored to good running condition, and claims that when defendant failed to do so, it notified the attorney then acting for him that the action would be prosecuted, with the defendant having additional time

within which to answer. The issues thereby raised may have been testified to by the attorney and the defendant at the hearing on the motion to vacate, but as no transcript was made part of the record on appeal, the decision of the Superior Court, insofar as it relates to defendant's excuse for not filing his answer, must be affirmed on the affidavits alone. See Hughes v. Young, 58 Ariz. 349, 351, 120 P.2d 396, 138 A.L.R. 943.

■ With respect to defendant's showing of a meritorious defense, his original affidavit alleged plaintiff's agreement not to prosecute the action and defendant's performance of his part thereof. The affidavit in support of the amended motion alleged, in effect, that defendant returned the automobile to plaintiff in better condition than he had received it and that he was not liable for any money judgment to plaintiff. It is clear that each of defendant's affidavits sets forth facts which, if proved at the trial, would constitute a meritorious defense to further prosecution of the replevin action. .

■ Defendant is not required to do more. The affidavit is not intended to be a substitute for a trial of the issues of fact. It is sufficient if it shows upon its face, with all the material facts set forth therein deemed admitted, that there is a substantial defense to the action.

■ Plaintiff's claim that the Superior Court did not have jurisdiction to permit defendant to file an amended motion and affidavit, because the original motion and affidavit were defective, is totally without merit. First, as we have noted above, the original motion and affidavit were legally sufficient to permit the Superior Court to exercise its sound legal discretion in favor of vacating the default judgment. See Huff v. Flynn, supra; Michener v. Standard Accident Insurance Co., supra. Second, the amended motion and affidavit, even if deemed to be a new motion, were filed within six months of the date of entry of the default judgment, and, thus, could be held to be timely under Rule 60(c) of the Rules of Civil Procedure.

■ Third, and of greater significance, there is no impediment, jurisdictional or otherwise, to the court's permitting a party to submit an amended affidavit to cure omissions in the original. In Smith v. Meyers, 75 Ariz. 171, 253 P.2d 615, an amended motion and affidavit were permitted to relate back to the date of the original motion. In Avery v. Calumet & Jerome Copper Co., 36 Ariz. 239, 284 P. 159, a supplementary affidavit was held properly received even after the motion to vacate had been submitted to the court.

Plaintiff's reliance on Swisshelm Gold Silver Co. v. Farwell, 59 Ariz. 162, 124 P. 2d 544, is completely misplaced. There, Swisshelm had obtained a default judgment on its cross complaint against plaintiff Farwell and two third-party defendants. Plaintiff thereafter moved to set aside the judg-

ment as against him. The trial court granted the motion and vacated the default judgment both as to the plaintiff and as to the two third-party defendants, neither of whom appeared on the motion. This Court affirmed the setting aside of the judgment as to plaintiff but reversed as to the third-party defendants, holding that the trial court was "without jurisdiction to set it aside" as to them (59 Ariz. at page 167, 124 P.2d at page 547).

Thus, the Swisshelm case does not, expressly or by implication, support plaintiff's novel theory that a court has no jurisdiction to permit a party to amend or cure an inadequate or insufficient affidavit. The absence of jurisdiction was there predicated on the non-appearance of the third-party defendants who were accorded relief, in absentia, without any prayer therefor, and not, as plaintiff maintains, on defects in an affidavit. Such defects are clearly not jurisdictional where, as here, all interested parties appeared generally and where the relief requested is within the power of the court to grant. See Smith v. Meyers, supra, 75 Ariz. at page 173, 253 P.2d 615.

The propriety and justness of the orders here under review are perfectly clear from the record. We deem it appropriate to repeat what was said in Rogers v. Tapo, supra, 72 Ariz. at page 57, 230 P.2d at page 525, that

"* * * a party should be given a reasonable opportunity to litigate his claim or defense on the merits; that any doubt which may exist as to whether a default should be set aside should be resolved in favor of the application, to the end that a trial upon the merits may be had. In the instant case not only did the trial court properly exercise its discretion, but it would have been an abuse of discretion not to have set aside such judgment."

The orders appealed from are affirmed.

STRUCKMEYER, C. J., and PHELPS and LESHER, JJ., concurring.

NOTE: UDALL, J., having disqualified himself, did not participate in the determination of this appeal.