397 P.2d 50

**WILSHIRE MORTGAGE CORPORATION,
a California corporation, et al., Appellants,**

v.

**ELMER SHELTON CONCRETE CONTRACTOR, INC., an Arizona corporation,
et al., Appellees.**

**No. 7363.**

Supreme Court of Arizona.

En Banc.

Nov. 25, 1964.

Rehearing Denied Dec. 15, 1964.

Hughes & Hughes, Phoenix, for appellants.

Gorodezky, Mitchell & Stuart, by Richard B. Wilks, Phoenix, for appellees.

LOCKWOOD, Vice Chief Justice.

This is an appeal from the denial of a motion to set aside a default judgment made under Rule 55(c), Rules of Civil Procedure, 16 A.R.S. Although other issues have been raised, the only question we will consider is whether the trial judge abused his discretion in the denial of the motion to set aside the default on the grounds that a meritorious defense was not presented as to one of the causes of action, since it is the only question necessary to answer at this stage of the proceedings.

Elmer Shelton Concrete Contractor, Inc., hereinafter called Shelton, plaintiff below and appellee here, was a subcontractor and materialman in connection with the building of Del Sands Estates Unit One, in Maricopa County. The work was being done for Res Com Builders Corporation, which became bankrupt. Shelton duly filed mechanics lien claims covering the work done by it. Wilshire Mortgage Corp. made construction loans to Res Com, which were secured by duly recorded mortgages. Wilshire was defendant below and is appellant here.

Shelton filed suit to collect its claims naming all interested parties including Wilshire in its first three causes of action. The trial judge set aside the default as to these. We need consider only the fourth cause

of action, which was against Wilshire alone, on which the trial judge refused to set aside the default on the ground that a meritorious defense had not been pled in the answer filed with the original motion to set aside the default.

█ In the motion to set aside the default and his motion to reconsider, the defendant's attorney gave these grounds for excusing his delay:

1. That the referee in the Res Com bankruptcy had secured an order restraining him from answering. (We doubt that a referee in bankruptcy could secure a valid order restraining a defendant from answering, while giving a plaintiff permission to sue, but the attorney so understood the situation.)

2. That he was in constant contact with the attorney for the plaintiff in the bankruptcy matter, and did not understand that they intended to take a default judgment.

3. That on the day the summons was served his secretary was called home by a serious illness in her family, which resulted in death, and that consequently she did not note the receipt of the summons and the date answer was due in the office diary.

In Coconino Pulp and Paper Company v. Marvin, 83 Ariz. 117, 317 P.2d 550 (1957), we held that it was an abuse of discretion for the trial judge to refuse a motion to set aside a default after a similar showing of neglect by the secretary in a law firm. Indeed, this case is stronger, as in Coconino the reasons for the secretary's neglect are not set out. In any event, the matter is within the discretion of the trial judge, Gray v. Dillon, 97 Ariz. 16, 396 P.2d 251 (October 29, 1964), and cases cited therein, and we would uphold the action of the trial judge in finding excusable neglect on any or all of the grounds urged. Assuming, without deciding, that the motion to set aside a default should be split and the merits of the defense to each cause of action considered separately, we are of the opinion that the defense raised here was of sufficient merit to require trial of the case, even though it might not be held to be a meritorious defense on final appeal of this litigation to this court.

"The purpose of an affidavit of merits is not to determine the real facts of the case, nor, indeed, to settle finally the pleadings and issues upon which it is eventually to be tried". Huff v. Flynn, 48 Ariz. 175, 178, 60 P.2d 931, 933 (1936).

The proposed answer filed on March 22, 1961 referred in its captions only to the first three causes of action, though appellant contends that the fourth cause was covered by its general denial of liability.[1] It was

---

1. A general denial alone is not a sufficient showing of a meritorious defense. Bel-tran v. Roll, 39 Ariz. 417, 7 P.2d 248 (1932).

because no answer was filed on the fourth cause of action that the trial judge limited his order in setting aside the default to the first three causes of action. On March 30, 1961, an amended answer was filed which covered the fourth cause of action. The trial judge refused to accept this answer in an order dated April 6. A third amended answer was filed again covering the fourth cause of action on April 7, together with a motion to reconsider, which included a review of the authorities upon which the proposed defense would be based. In his order of May 2, denying this motion, the trial judge said:

"While it is true that the court ruled that excusable neglect was shown in relation to the filing of the first answer, which answer related only to the first three causes of action, no such excusable neglect was shown in relation to the fourth cause of action. Nor was the tendered second answer which attempted to constitute a pleading of a meritorious defense, that is, such a pleading as is required to support an order vacating a default judgment.

"It is the opinion of the court that counsel may not claim the privilege of successive 'bites at the apple' until one day one such bite is adequate. A litigant seeking to set aside the fault [sic] must put his best foot forward promptly and at least before the argument of the motion.

"Being of this opinion, the court does not rule one way or the other on the answer tendered on April 7th, that is, this order does not constitute a ruling as to whether the same would have been or would not have been sufficient had it been tendered on March 22d, or even on March 30th.

"IT IS ORDERED denying the defendant Wilshire Mortgage Corporation's motion to reconsider and leave to file tendered answer."

▇▇ In this order the court erred. Motions to set aside default judgments arise only in situations of rush and confusion. Counsel are not required to submit perfect pleadings immediately. Huff v. Flynn, supra. If it appears that the defense as amended may be held to be meritorious on the final disposition of the case, it is sufficient to require granting of the motion.

▇▇ As we said in Hendrie Buick Company v. Mack, 88 Ariz. 248, 252, 355 P.2d 892, 894 (1960):

"Plaintiff's claim that the Superior Court did not have jurisdiction to permit defendant to file an amended motion and affidavit, because the original motion and affidavit were defective, is totally without merit. First, as we have noted above, the original motion and affidavit were legally sufficient to permit the Superior Court to exercise its

sound legal discretion in favor of vacating the default judgment. See Huff v. Flynn, supra; Michener v. Standard Accident Insurance Co. [46 Ariz. 66, 47 P.2d 438 (1935)]. Second, the amended motion and affidavit, even if deemed to be a new motion, were filed within six months of the date of entry of the default judgment, and, thus, could be held to be timely under Rule 60(c) of the Rules of Civil Procedure.

"Third, and of greater significance, there is no impediment, jurisdictional or otherwise, to the court's permitting a party to submit an amended affidavit to cure omissions in the original. In Smith v. Meyers, 75 Ariz. 171, 253 P.2d 615, an amended motion and affidavit were permitted to relate back to the date of the original motion. In Avery v. Calumet & Jerome Copper Co., 36 Ariz. 239, 284 P. 159, a supplementary affidavit was held properly received even after the motion to vacate had been submitted to the court."

The judgment is reversed.

UDALL, C. J., and STRUCKMEYER, and SCRUGGS, JJ., concurring.

NOTE: Justice CHARLES C. BERNSTEIN, having disqualified himself, did not participate in the determination of this appeal.