[Criminal No. 391.    Filed February 10, 1916.]

[154 Pac. 1039.]

JAMES M. HAMILTON, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—APPEAL—RECORD—SUFFICIENCY.—Under Civil Code of 1913, paragraph 614, a reporter's. transcript of the evidence cannot be considered as such, where not certified by the trial judge as correct; so an assignment depending on the evidence cannot be reviewed.

2. CRIMINAL LAW—APPEAL—RECORD—SUFFICIENCY.—A reporter's transcript of the evidence, not authenticated by the trial judge or certified as correct by the parties, cannot be considered as a bill of exceptions or statement of facts; so an assignment depending on evidence cannot be reviewed.

APPEAL from a judgment of the Superior Court of the County of Cochise. A. G. McAlister, Judge. Affirmed.

Messrs. Doan & Doan and Messrs. Kibbey, Bennett & Bennett, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. Leslie C. Hardy and Mr. Geo. W. Harben, Assistant Attorneys General, and Mr. John F. Ross, County Attorney, for the State.

PER CURIAM.—The county attorney of Cochise county filed an information against the appellant, charging him with the crime of a misdemeanor, to wit, the selling and disposing of beer in violation of the prohibition amendment to the Constitution. The appellant pleaded not guilty, whereupon a trial was had before the court without a jury, in which evi-

dence was offered on behalf of the respondent and also the appellant. From a judgment of conviction this appeal is taken.

The appellant makes two assignments of error: First, that the court erred in finding that the beverage sold by the defendant was beer within the meaning of the prohibition amendment to the Constitution of Arizona; and, second, that the judgment of the court is not supported by the evidence in the case and is contrary to the evidence.

The appellant has attempted to present to this court the evidence taken at the trial in the form of the reporter's transcript. What purports, however, to be a transcript of the testimony as taken by the court reporter, is not properly or legally authenticated. It lacks the certificate of its correctness by the trial judge. Neither can we regard it as a statement of facts or bill of exceptions, for the reason that it is not certified to by the judge as correct, nor is it signed and certified to be correct by the parties. There is nothing, therefore, before the court upon which to base the two assignments made by appellant. The statute requires that the trial judge shall certify that the reporter's transcript is correct. Paragraph 614, Civil Code 1913. And we have held, without such certification, that it forms no part of the record of the case. *Kinney* v. *Neis,* 14 Ariz. 318, 127 Pac. 719.

We have examined the record in other respects for fundamental errors, and, finding none, the judgment of the lower court is affirmed.