375 P.2d 574

**STATE of Arizona, Appellee,**

v.

**Vincent DE MARINIS, aka Vincent Capa, Appellant.**

**No. 1243.**

Supreme Court of Arizona.

En Banc.

Oct. 31, 1962.

William Messing, Tucson, for appellant.

Robert W. Pickrell, Atty. Gen., Harry Ackerman, former County Atty., Jack I. Podret, present County Atty., Pima County, for appellee.

JENNINGS, Justice.

The defendant was convicted of the crime of drawing a check on insufficient funds and sentenced to serve a term of three to five years in the state prison. He appeals the conviction contending various errors were committed by the trial court.

█ Defendant's assignments of error Nos. 2, 3, 4, 5 and 6 are based on matters allegedly occurring during the course of the trial. The reporter's transcript is not before this Court, not having been made a

part of the record on appeal.[1] There is, therefore, nothing upon which this Court can base a consideration of those assignments. State v. Peters, 60 Ariz. 102, 131 P.2d 814 (1942); Hamilton v. State, 17 Ariz. 483, 154 P. 1039 (1916).

■ In the first assignment defendant contends that his rights were violated in the preliminary matters before trial. Following a preliminary hearing on a criminal complaint charging defendant with "obtaining services and money by means of a false and bogus check" and "drawing check on no account" defendant was held to answer. An information was filed against defendant wherein he was charged in count one with violation of A.R.S. § 13–311 (Obtaining money or property by bogus check or other means). Count two of the information charged defendant with the crime of "Drawing Check on No Account" as follows:

"That on or about the 12th day of November, 1960 and in Pima County, Arizona and before the filing of this Information, the said Vincent Capa did

then and there wilfully and unlawfully and with intent to defraud C. J. Franz dba Palo Verde Market, make, draw, utter and deliver to C. J. Franz a check in the sum of $25.00 for the payment of money and property, knowing at the time of such making, drawing, uttering and delivering said check that he had no account in a bank or credit with said bank to meet said check in full upon presentation, all in violation of A.R.S., Section 13–316A(3) as amended."

Defendant entered a plea of not guilty to the charges. Prior to trial count one of the information was dismissed and count two, by stipulation, amended to charge defendant with the crime of "Drawing Check On Insufficient Funds" as follows:

"That on or about the 6th day of December, 1961 and in Pima County, Arizona and before the filing of this Amended Information, the said Vincent Demarinas, aka Vincent Capa, did then and there willingly and with the intent to defraud, C. J. Franz, dba Palo Verde Market, make, draw, utter and deliver

---

1. While the appeal was pending defendant moved this Court pursuant to Supreme Court Rule 19(c), 17 A.R.S. to require the state to furnish the reporter's transcript at the expense of Pima County pursuant to A.R.S. § 13–1714. The trial court had already denied such a motion, but we were not satisfied on this point and resubmitted the matter to the trial court for a proper determination as to whether the defendant was "without means or wholly unable to pay" for the transcript. The trial court again denied defendant's motion. Defendant thereupon moved this Court to enter an order directing that the transcript be furnished at the expense of Pima County or in the alternative to allow defendant a period of time within which to raise sufficient funds for the cost of the transcript. We denied the first part of the motion but allowed an additional ninety days within which to file the reporter's transcript. No transcript was ever filed.

to Mary Conklin Franz, a check in the sum of $25 for payment of money and property, knowing at the time of such making, drawing, uttering and delivering said check that he did not have sufficient funds in a bank or credit with said bank or depositary to meet the check in full payment upon presentation, all in violation of A.R.S. Section 13–316A(1) (as amended)." [2]

Defendant contends that an information cannot be amended to charge a new crime and that by amending the information to charge defendant with the crime of drawing a check on insufficient funds he was charged with a new crime. He therefore argues that the verdict is void inasmuch as he never had a preliminary examination on the new charge nor entered a plea thereto.

This assignment is without merit. The information was amended upon stipulation of counsel for defendant. At no time, either before trial or during trial, did defendant object to the information or move to have it quashed. Hence, the objection defendant now makes on appeal was waived. State v. Lubetkin, 78 Ariz. 91, 276 P.2d 520 (1954); State v. Singleton, 66 Ariz. 49, 182 P.2d 920 (1947).

Since there are no other assignments of error which this Court can consider with-

out a transcript of the evidence, the judgment is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.

---

2. The discrepancy in the date of the alleged crime was corrected by amendment prior to trial.